WILLIAM H. CORBIN, TAX COMMISSIONER, *vs.* HENRY H. TOWNSHEND, ADMINISTRATOR C. T. A.

Third Judicial District, New Haven, January Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

In ascertaining the net amount of the estate of a decedent domiciled in Connecticut; for the purpose of computing the succession or inheritance tax under the provisions of Chapter 332 of the Public Acts of 1915, taxes paid by the executor or administrator to other States, and to the United States under the Revenue Act of September 8th, 1916, as amended by the Act of Congress passed March 3d, 1917, are to be treated as "expenses of administration" and to be deducted from the appraised value of the estate.

Corbin *v.* Townshend

Any expenditure arising by operation of law which is a charge against,
or which must be paid out of, the estate, is an "administration
expense" within the meaning of that expression as used in § 5 of the
Act of 1915.

Argued January 17th—decided April 30th, 1918.

APPEAL by the plaintiff from an order and decree of
the Court of Probate for the district of New Haven
determining the amount of the inheritance or succes-
sion tax due the State from the estate of Mary H.
Townshend of New Haven, deceased, taken to and re-
served by the Superior Court in New Haven County,
*Webb, J.*, upon a demurrer to the reasons of appeal, for
the advice of this court. *Judgment sustaining demurrer
advised.*

*Henry H. Townshend*, for the defendant, in support
of the demurrer.

*George E. Hinman*, Attorney-General, and *Charles W.
Cramer*, for the plaintiff, in opposition to the demurrer.

WHEELER, J. Mary H. Townshend deceased in New
Haven leaving a will by which all of her property was
divided between her two children. The judge of pro-
bate deducted from the appraisal value of the estate
plus the gains, as a part of the expenses of the estate,
the items of taxes paid various States in the United
States other than Connecticut, and the Federal estate
tax of September 8th, 1916, and computed the succes-
sion tax after deducting the amount of these taxes.

The Tax Commissioner appealed from this ruling and
sets forth, among his reasons of appeal, that these de-
ductions should not have been made either as part of
the administration expenses, or as claims allowed and
paid, or in any other manner.

The appellee demured, principally because under § 5

of Chapter 332 of the Public Acts of 1915, these deductions were proper to be made in ascertaining the net estate for inheritance taxation purposes, either as an administration expense, or as a claim allowed, or as a loss incurred in reducing choses in action to possession.

When we were required to interpret and construe our first "Act providing for a Succession Tax," passed in 1897, we held that the real estate within this State and all the personal property of a decedent domiciled in Connecticut was to be taken into account in computing the amount of the succession tax; that this tax was not a tax upon property, but upon the right or privilege of succession to the property of a decedent; and that the amount of the tax was computed upon the value of the property inventoried "remaining after claims of creditors and charges of administration have been satisfied." The estate subject to the tax under the Act was the net proceeds or residuum remaining for distribution or transfer in any form, to the persons entitled, deducting therefrom certain exemptions and property exempt. *Gallup's Appeal*, 76 Conn. 617, 57 Atl. 699; *Nettleton's Appeal*, 76 Conn. 235, 56 Atl. 565; *Hopkins' Appeal*, 77 Conn. 644, 60 Atl. 657.

The Succession Act of 1915 re-enacts, with few changes, the Act of 1897, and uses practically the language of that Act which we construed in these cases. The changes in the Act of 1915 do not affect the provisions whose construction we have referred to, and we think it clear that the General Assembly intended a re-enactment of these provisions in the light of their settled construction. This we had in mind when we said of this tax: "It is levied upon that portion, and that only, of the estate which by operation of the law and its machinery will pass to beneficiaries designated by will or statutes regulating inheritances." *Sherman* v. *Moore*, 89 Conn. 190, 193, 93 Atl. 241. Section 6 of the Act

expressly provides that it is the net estate which shall be liable to this tax; and § 5 determines the method by which the net estate for taxation shall be ascertained, and specifies the deductions which may be made from the value of the inventoried estate. The 1913 amendment (Chap. 231, § 9) definitely specified the deductions to be made, and the Act of 1915, in § 5, specifies practically the same deductions.

By the provisions of the Act of 1915, the succession tax is measured by the value of the property passing to a beneficiary, and hence it is his share of the net estate after the claims against the estate and the charges of administration have been deducted. Inheritance taxes, whether required to be paid to the Federal government or to another State, are not included in the deductions expressly specified in the Act. The enumeration of certain items of deductions excludes all items which are neither within the express designation nor within the necessary implications of the designations made. Before inheritance taxes paid to the United States, or to any of the States other than Connecticut, can be deducted from the appraisal value in order to ascertain the net estate upon whose value the succession tax is to be paid, all of the parties to the appeal agree that these taxes must be found to fall within the items of claims paid, expenses of administration, or losses incurred in the reduction of choses in action to possession; for these are the only items specified in § 5 of the Act of 1915, under which they could, by any possible construction, fall.

The Federal estate tax and the State taxes are obligations accruing subsequent to the death of the decedent. Claims against his estate are those which he contracted or assumed, or which arose in his lifetime and became by operation of law charges against him. Obligations originating subsequent to his death may fall

within the class of expenses of administration, but in no event can they be regarded as claims against his estate. *Merwin's Appeal,* 72 Conn. 167, 43 Atl. 1055; *McCurdy* v. *McCurdy,* 197 Mass. 248, 83 N. E. 881; Blakemore & Bancroft, Inheritance Taxes, p. 268.

The inheritance taxes due the State of Connecticut are measured by the amount of property passing to the beneficiary, which is his share of the net estate ascertained in the manner specified in § 5 of the Act. This, by § 10, is required to be paid by the administrator or executor from the funds passing to the beneficiaries.

The Federal tax under the Revenue Act approved September 8th, 1916 (39 U. S. Stats. at Large, p. 777, §§ 200–212), and amended March 3d, 1917, imposes (39 U. S. Stats. at Large, p. 1002, § 201) a tax "upon the transfer of the net estate" of every decedent dying after the passage of the Act. It is an estate tax levied on the entire estate, less a named exemption and certain designated deductions, without reference to the interest of beneficiaries. By § 208 the intent of the Act is expressed to be, so far as is practicable and unless otherwise directed by the will of the decedent, that "the tax shall be paid out of the estate before its distribution." The Federal Act of 1916 imposes a tax payable out of the estate before distribution, thus differing from the Federal inheritance tax of 1908, payable by the individual beneficiaries. It is not a tax upon specific legacies nor upon residuary legatees. It is taken from the net estate "before the distributive shares are determined rather than off the distributive shares." Its payment diminishes *pro tanto* the share of each beneficiary. The executor or administrator must pay the tax out of the estate before the shares of the legatees are ascertained. It is an obligation against the estate, and payable like any expense which falls under the

head of administration expenses. The tax paid is no part of the estate at the time of distribution; it has passed from the estate and the share of the beneficiaries is diminished by just so much.

Administration expenses embrace any expense incurred by an executor or administrator in the care, preservation and conservation of the assets of the estate, in converting the assets, and in paying the debts and legacies, and also all expenses incurred by operation of law and in turning over the assets remaining to the residuary legatees or distributees.

We have not failed to consider the claim of the Tax Commissioner that the expenses of administration are such only as are imposed as matter of law. The argument in support of this proposition, enforced as it is by the citations from Minnesota and New York, does not appeal to us as sound, as applied to the construction of our own statute. Any expense arising by operation of law which is a charge against, or must be paid out of, the estate, is an administration expense within the meaning of this term as used in § 5 of the Act of 1915. The payment of the Federal tax is an expense of the estate, as much so as any expense of administration. Until this charge is paid the executor cannot receive his discharge, nor can the beneficiary receive his share. *Hooper* v. *Shaw*, 176 Mass. 190, 57 N. E. 361.

The inheritance taxes imposed by other States are upon the same basis as the Federal tax: they must be paid before the executor or administrator can reduce the bonds or stock to possession. These cannot be transferred until the State tax is paid, and the value of the security so transferred is reduced by the amount of the tax which the executor or administrator has had to pay. *Van Beil's Estate*, 257 Pa. St. 155, 101 Atl. 316; *Bullard* v. *Redwood Library*, 37 R. I. 107, 119, 91 Atl. 30, 34; Blakemore & Bancroft, Inheritance Taxes, p. 273.

The Superior Court is advised to render judgment sustaining the demurrer.

No costs in this court will be taxed in favor of either of the parties.

In this opinion the other judges concurred.