# IN THE MATTER OF THE ESTATE OF BENJAMIN F. DILLINGHAM, DECEASED.

## No. 1197.

RESERVED QUESTION FROM CIRCUIT JUDGE, FIRST CIRCUIT. HON. W. H. HEEN, JUDGE.

ARGUED SEPTEMBER 16, 1919.          DECIDED SEPTEMBER 23, 1919.

KEMP AND EDINGS, JJ., AND CIRCUIT JUDGE FRANKLIN IN PLACE OF COKE, C. J., ABSENT.

TAXATION—*inheritance tax—exemptions and deductions—federal estate tax.*

The amount necessarily expended by an executor in payment of the federal estate tax constitutes an expense of the estate as much

Opinion of the Court.

so as any expense of administration and can in no sense be said to have passed to the residuary legatee·and is therefore to be deducted before computing the tax due upon such legacy.

OPINION OF THE COURT BY KEMP, J.

The petition of the executors of the last will and codicils of Benjamin F. Dillingham, deceased, for allowance of final accounts, distribution of estate and discharge of executors, having come on to be heard before the presiding judge of the first circuit court at chambers in probate and a question of difference having arisen between said executors and the treasurer of the Territory as to the amount payable by said executors to said treasurer as inheritance taxes under the laws of this Territory upon or in respect of the bequests under said will and codicils, the said question being whether or not, in assessing and fixing the values of such bequests for the purposes of said inheritance taxes, there is deductible from the gross value of the estate of said decedent the estate tax paid or payable by said executors under the laws of the United States, the said executors contending that said estate tax is so deductible and the said treasurer contending that said estate tax is not so deductible, the amount of said estate tax so paid being $73,096.79, and the amount payable as such inheritance taxes being reduced or not according to whether the estate tax so paid is so deductible or not, and it being necessary to determine whether said estate tax is so deductible or not for the purpose of passing upon said petition for allowance of accounts, distribution and discharge, and in order to assess and fix the value of said bequests and the inheritance taxes to which the same are liable, under the laws of the Territory, the following question was reserved to the supreme court:

"Whether or not the estate tax paid or payable by said

executors upon or in respect to said estate under the laws of the United States is deductible from the gross value of said estate for the purpose of assessing and fixing the values of said bequests and the inheritance taxes to which the same are liable under the laws of Hawaii."

The record before us does not contain the provisions of the will and codicils involved but from statements of counsel for the executors made in argument and acquiesced in by the attorney general it appears that by the terms of said will and codicils all of the residuary estate of the testator, and which constitutes the bulk of his estate, is bequeathed to his four children in equal portions and that it is the tax to be paid upon these bequests that is here involved.

So much of our inheritance tax statute as is necessary to an understanding of what we have to say follows:

"Section 1323. Imposed when, rate. All property which shall pass by will or by the intestate laws of this Territory, from any person who may die seized or possessed of the same while a resident of this Territory * * * shall be and is subject to a tax hereinafter provided for * * * and all administrators, executors and trustees of every estate so transferred and the person to whom the property passes or is transferred or passed shall be liable for any and all such taxes until the same shall have been paid as hereinafter directed. The tax so imposed shall be upon the market value of such property at the rates hereinafter prescribed and only upon the excess over the exemption hereinafter granted. * * * The rate of the tax shall be at the following percentage rate of the market value of such property received by each person, * * * in excess of five thousand dollars. * * *"  (Sec. 1323 R. L. 1915 as amended by Act 223 S. L. 1917.)

The federal estate tax is not included in the exemptions expressly specified in another section of the inheritance tax statute and there is nothing in the said statute which could possibly include as an exemption the amount

paid or to be paid by way of an estate tax under the laws of the United States and the $5000 deduction above is the only deduction specifically allowed. So if the deduction contended for by the executors is proper to be allowed it must be by reason of such amount not having passed to the beneficiary by the will rather than by reason of having been exempted from the tax or having been allowed as a deduction by reason of the provisions of the statute. If that portion of the estate of the decedent which was required to pay the federal tax actually passed by the will to the residuary legatees and such tax was then payable out of such legacy the plain wording of our statute above quoted would require that it be taken into account in valuing the legacy for inheritance tax purposes inasmuch as such tax does not fall within the exemptions or deductions expressly specified in our statute.

We do not think, however, that it would be seriously contended that debts owing to the testator in his lifetime and therefore payable by the executor out of the estate before distribution and the expenses of administration incurred by the executor in the course of administration, although not mentioned in the statute, should not be deducted from the gross value of the residuary estate in determining what passed by the will for the purpose of arriving at a valuation upon which to compute the tax due from a residuary legatee, since under the statute the tax is to be computed on "the market value of such property received by each person." If then the federal estate tax is properly classed as an expense of administration or is a debt owing by the estate and payable by the executor out of the estate before distribution it seems reasonable that it should be treated in the same manner as a debt which the testator owed or an ordinary expense of administration, that is,

as not having passed to or having been received by the beneficiary.

This then brings us to a consideration of the nature of the federal estate tax because upon that, we think, depends the answer to the question whether or not the amount paid by way of such tax ever in fact passes to the beneficiaries under the will who are called upon to pay to the Territory a tax upon the property thus passing to them.

Section 201 of the federal estate tax law provides: "That a tax (hereinafter in this title referred to as the tax), equal to the following percentages of the value of the net estate, to be determined as provided in section two hundred and three, is hereby imposed upon the transfer of the net estate of every decedent dying after the passage of this act, whether a resident or nonresident of the United States: * * *" (U. S. Stat. L., Vol. 39, Pt. 1, p. 777.)

The sub-title of the act of which the above section is a part is "Estate Tax." This title is not only significantly descriptive of the character of the tax actually imposed but a persuasive indication that the duties with which Congress was dealing were so regarded by it. The value of the net estate, to be determined by deducting from the gross estate funeral and administration expenses, debts, certain losses incurred during the settlement of the estate, etc., and a flat exemption of $50,000, is the basis for calculating the tax. (Sec. 203.) This includes the real estate devised or descending as well as the personal property passing to the executor. A return must be made by the executor showing the value of the gross estate, the deductions claimed, the value of the net estate and the tax payable thereon. (Sec. 205.) The tax is to be paid by the executor out of the estate before distribution (Sec. 207) and there is no apportionment of it among the various devisees or legatees.

From the foregoing provisions of the federal estate tax act it seems clear that the tax constitutes a charge upon the whole estate (less the specific deductions allowed) to be paid by the executor out of the estate and is a tax upon the power to transmit or the transmission from the dead to the living and is not a tax upon legacies to be measured by the value of such legacies.

We think that the amount necessarily expended in payment of the federal tax constitutes an expense of the estate as much so as any expense of administration and can in no sense be said to have passed to the residuary legatee and is therefore to be deducted before computing the inheritance tax due upon such legacy.

The precise question here involved has been decided by the courts of several states under inheritance tax statutes more or less similar to ours. Each of the courts reached its conclusion from a consideration of (1) upon what the tax imposed by the state statute is to be computed and (2) upon what the federal tax is a charge.

The Minnesota statute imposes a tax upon the transfer of property "by will or by the intestate laws" and provides that the tax shall be a specified per centum of the clear market value of the beneficial interest in the property which passes to the beneficiary designated by the will or the statute. The supreme court of Minnesota held the federal estate tax to be an expense of administration and decided that it must be deducted from the estate in ascertaining the clear market value of the beneficial interest in the property which passes. *State* v. *Probate Court of Hennepin County*, 166 N. W. 125.

The Illinois statute provides that the tax shall be imposed upon the beneficial interest which passes to the persons therein named and the tax is calculated on "the clear market value of such property received by each person." The supreme court of Illinois concluded that

if the federal estate tax paid by the executor is to be properly considered a debt or an expense of the administration of the estate the federal tax so paid should be deducted before computing the state tax. After reviewing the federal statute in question that court reached the conclusion that the deductions should be allowed but it is not clear whether it classed the tax as an expense of administration or as a debt of 'the estate. However, the case of *State* v. *Probate Court of Hennepin County, supra*, was quoted with approval, where, as we have pointed out, the deduction was allowed upon the theory that the tax was properly classed as an expense of administration. *People* v. *Pasfield*, 284 Ill. 450, 120 N. E. 286.

In Connecticut, the court having construed their act providing for a succession tax as being a tax upon the privilege or right of succession to the property of the decedent and not a tax upon property and that the amount of the tax was to be computed upon the value of the property inventoried "remaining after claims of creditors and charges of administration have been satisfied," held the federal estate tax to be an expense of administration and deductible although not included in the deductions expressly specified in the act. *Corbin* v. *Townshend*, 103 Atl. 647. See also *In re Roebling's Estate*, 104 Atl. (N. J.) 295.

In Pennsylvania a collateral inheritance tax is imposed upon all estates passing from any person who may die seized or possessed of such estate to any one other than the father, mother, wife, children, etc., and is computed upon the "clear value" of such estate. The supreme court of that state in passing upon the question of whether the federal tax is to be deducted from the estate before computing the inheritance tax held that such deduction should be allowed and quoted with approval the

following language from an opinion of Judge Solly of the orphan's court of Montgomery County: "Otherwise a legatee, devisee or heir or next of kin is paying the commonwealth a tax upon something which has not passed and never will pass to him. Such a result would be unjust and highly inequitable and shocking to one's sense of reason and justice." *In re Knight's Estate*, 104 Atl. 765.

The only decisions brought to our attention holding a contrary view to that reached by us and by the courts whose decisions we have reviewed come from the New York courts, the two most notable decisions being *In re Sherman's Estate*, 166 N. Y. S. 19, and *In re Bierstadt's Estate*, 166 N. Y. S. 168. In both of these cases the court rejected the claim of the executor that the amount of the federal estate tax should be treated as an expense of administration and deducted from the gross estate before the amount of the tax under the state law is fixed.

We think, however, that the view which we have expressed is supported by both reason and the weight of authority.

The reserved question is answered in the affirmative.

*W. F. Frear* and *U. E. Wild* (*Frear, Prosser, Anderson & Marx* on the brief) for the executors.

*H. Irwin*, Attorney General, for the Treasurer of the Territory.