Marshall, C. J.
This error proceeding presents for determination the single question whether the federal estate tax provided by the act of Congress in 1918 and paid by the administrator of a decedent in Ohio is to be deducted from the decedent’s gross estate before the amount of the successions under the Ohio inheritance tax is determined. It involves a construction and interpretation of the Ohio law of 1919, appearing in 108 Ohio Laws, pt. 1, page 5S1 et seq.
It also involves a careful consideration of the 1918 federal estate tax, not for. purposes of construction or interpretation, but to determine the character of the federal tax and its proper relation to the administration of the Ohio inheritance law. The question before this court relates to the administration of a statute of Ohio, and that statute must be interpreted according to the legislative intent, uninfluenced by the policy of the federal Congress and without regard to any views any court of this state may entertain as to the wisdom or unwisdom of the law or any of its features.
*537 We repeat that federal policies have no bearing upon this inquiry for the reason that, although the federal legislative power is supreme in all those matters where Congress is given any authority over the states, it yet requires no argument to show that the jurisdiction of the federal government, does not extend to the taxing powers of the state in raising revenues for carrying on purely state functions. In this present controversy, in determining the proper interpretation of the state act, we may not even look to expressions found in or implications to be drawn from the federal act, excepting only to determine the character of the tax, whether it comes within those classes of debts, charges, and expenses which the Ohio statute either expressly or impliedly allows as a deduction.
It should be further stated at the outset that no one questions the constitutionality of either the federal estate tax or the Ohio state inheritance tax.
The most cursory examination of the Ohio inheritance tax law discloses that it is full of deficiencies, ambiguities, and uncertainties, and its imperfections are so glaring, and the difficulties encountered in giving it a special administration are so great, that the courts and the tax commission have beeu presented with problems of the utmost difficulty; and the decisions heretofore reached by the courts have not been uniform among the lower courts, nor unanimous in this court.
Section 5334, General Code, was before this court in the Harvard, College case, 106 Ohio St., 303, 140 N. E., 189, and other features of the law, involving computation of the tax, engaged the attention of 1his court more recently in the case of Wellman v. *538 Cleveland Trust Co., ante, 267, 140 N. E., 104. All that was said in the opinions in those two cases, about the uncertainties and imperfections' of this law, need not be repeated in this opinion. Inasmuch as this particular proceeding has been pending since 1920, and inasmuch as there have been two sessions of the Ohio General Assembly during that time, it may be wondered why no appeal has been made to the Legislature to have the law interpreted and clarified by legislative amendment rather than to depend upon the courts for interpretation to determine legislative intent where it is barely possible that there were many features of this law upon which the Legislature entertained no intent whatever.
It should be stated that no one questions the constitutionality of either the federal estate tax or the Ohio state inheritance tax. It should further be stated that there is no conflict or clash between the state and federal tax, nor is either statute a limitation upon or in conflict with the other. They operate in obedience to separate taxing authorities, each having the power to levy the taxes it seeks to levy. Throughout all the authorities upon this subject there is found a discussion of the fact that the federal tax is levied against the estate and the right of a decedent to transfer property, and the state tax levied against the succession or the right of persons to receive property from the estate of a decedent. This distinction is recognized and commented upon by the authorities on both sides of this question, though it must be admitted that none of the cases of either class holds that this distinction is conclusive upon the issue. It is significant, however, that the federal tax, being levied upon the es *539 tate, without regard to its distribution, must be in fact paid, and the estate thereby reduced to that extent, before there can be any actual succession or distribution to those entitled thereto. One of the considerations Avhich have been urged is that the failure to make the deduction Avill operate as double taxation. This objection is by no means a decisive factor, because it is w-ell known that double taxation is not a stranger to the laws of Ohio. But even if it were absolutely forbidden by the mandate of the Ohio Constitution, it would not be a persuasive argument in favor of deduction, because the levy of a federal tax, though an additional tax upon the same property, is in no sense a double tax thereon. Municipalities, townships, counties, states and federal government may each levy a tax upon the same property, and, though the burden may be doubled and redoubled, that result follows from our multiple allegiance. The injustice of a tax levied upon a tax may not aid in construction except in so far as it will be presumed that the Legislature intended no injustice. It is not doubted that the Legislature had the poAver, and the courts concededly have nothing to do with legislative policies.
An examination of the statutes shows that they do not expressly demand the deduction of the federal estate tax, neither do those statutes expressly command the inclusion of the amount of the federal tax in computing the value of the succession. The legislative intent must therefore be found, not by determining the true meaning of words of ambiguous meaning, or by attempting to reconcile conflicting provisions, but rather by making a survey of the entire law and a careful study of the context and related clauses, and giving effect to such inferences *540 and presumptions as naturally follow from the context and related clauses. The greatest difficulty in arriving at a solution of this problem is the fact that the statute is manifestly incomplete, and it is apparent that many of the questions which arise in the administration of the law were evidently not foreseen or contemplated. It is very clear, however, that the statute is not so incomplete or defective as to render it entirely nugatory, and it therefore becomes imperative that some interpretation be put upon its administrative provisions which will permit the officials having the responsibility for its administration to proceed in an orderly manner.
It has been urged that this statute was adopted from the state of New York, and it does appear that in all its essential provisions there is a striking similarity. In that connection it is shown that after the New York statute had been enacted, and before the Ohio statute was, the New York Court of Appeals decided the Matter of Estate of Sherman, 222 N. Y., 540, 118 N. E. Rep., 1078, holding that the federal estate tax was not a proper deduction. The Court of Appeals merely affirmed the appellate division without opinion. The appellate division based its decision upon In re Estate of Gihon, 169 N. Y., 443, 62 N. E. Rep., 561, but the Gihon case involved a, former federal statute which was held to be of the same nature as the state tax. It is therefore difficult to see how the New York cases would be decisive, even though it should appear that the Ohio statute was virtually adopted from the New York statute. Conceding that there is a striking similarity between the New York and Ohio statutes, it is also found that there is a striking similarity between *541 the Ohio statutes aud those of other states, notably New Jersey, Oregon and Massachusetts, where, under the decisions of the courts, the federal tax is deductible. The federal tax has been held to be deductible in the following cases: People v. Pasfield, Jr., Exr., 284 Ill., 450, 120 N. E., 286; State, ex rel., v. Probate Court, 139 Minn., 210, 166 N. W., 125; In re Estate of Roebling, 89 N. J. Eq., 163, 104 Atl., 295; In re Inman’s Estate, 101 Or., 182, 199 Pac., 615, 16 A. L. R., 675; State v. First Calumet Tr. & Sav. Bank, 71 Ind. App., 467, 125 N. E., 200; Old Colony Trust Co. v. Treasurer and Receiver General, 238 Mass., 544, 131 N. E., 321, 16 A. L. R., 689; In re Estate of Miller, 184 Cal., 674, 195 Pac., 413, 16 A. L. R., 694; Corbin, Tax Comr., v. Townshend, Admr., 92 Conn., 501, 103 Atl., 647; and People v. Bemis et al., Exrs., 68 Colo., 48, 189 Pac., 32.
On the other hand, the federal tax has been held not to be deductible in the following cases: Matter of Estate of Sherman, 222 N. Y., 540, 118 N. E., 1078; In re Sanford’s Estate, 188 Iowa, 833, 175 N. W., 506; Estate of Week, 169 Wis., 316, 172 N. W., 732; Hazard et al., Exrs., v. Bliss et al., Bd. of Tax Comrs., 43 R. I., 431, 113 Atl., 469, 23 A. L. R., 826; and In re Fish’s Estate, 219 Mich., 369, 189 N. W., 177.
Very respectable authorities could be found in favor of either view of this question, but in view of the wide differences of opinion between courts of last resort it is evident that this question cannot be determined by mere reference to the authorities of other states.
The construction placed upon a statute by the courts of the state from which it is adopted is by all the rules of construction regarded as persuasive, *542 but not controlling, and is subject to certain well-defined limitations. That rule can be of little aid in the present controversy, because there is an undoubted similarity between the statutes of many states, and the interpretations put upon those statutes by the courts of those states evidence an entire lack of harmony. . If any effect is to be given to the authority of cases decided by the courts of other states it must be admitted that the weight of authority is in favor of the deduction of the federal tax. We are of opinion, however, that this problem can be better solved and the true legislative intent more correctly determined without attempting to reconcile the conflicting decisions of other states and by confining the discussion to the consideration of the different provisions of the Ohio, statute itself.
Section 5331 provides in part:
“1. The words ‘estate’ and ‘property’ include everything * * * which passes to any one person, institution, or corporation, from any one person, whether by a single succession or not.
“2. ‘Succession’ means the passing of property in possession or enjoyment, present or future.” Section 5332 provides:
“A tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person, institution or corporation, in the following cases: * * '*
“6. When a decedent appoints one or more executors or trustees, and instead of their lawful allowance makes a bequeath or devise of property to them, which would otherwise be liable to such taxes, or appoints them as residuary legatees, and such bequest, devise or residuary legacy exceeds what *543 would be a reasonable compensation for their services, such excess shall be a succession and liable to such tax, and the probate court having jurisdiction of their accounts shall fix such compensation. * * *
“Such tax shall be upon the excess of the actual market value of such property over and above the exemptions made and at the rates prescribed in this subdivision of this chapter.”
Section 5334 provides:
“Successions passing to other persons shall be subject to the provisions of said sections to the extent only of the value of the property transferred above the following exemptions. '* * #”
Section 5336:
‘ ‘ Taxes levied under this subdivision of this chapter shall be due and payable at the time of the succession, except as herein otherwise provided, but in no case prior to the death of the decedent.”
Section 5339:
“If any debts shall be proven against the general estate of a decedent after the payment of any legacy or distributive share thereof, from which any such tax has been deducted or upon which it has been paid by the person entitled to such legacy or distributive share, and such person is required by order of the probate court having jurisdiction, on notice of the tax commission of Ohio, to refund the amount of such debts, or any part thereof, an equitable proportion of the tax shall be repaid to him by the executor, administrator or trustee, if the tax has not been paid to the county treasurer. * * * ”
Section 5341:
“The county auditor shall be the inheritance tax appraiser for his county. The probate court, upon *544 its own motion may, or upon the application of any interested person, including the tax commission of Ohio, shall by order direct the county auditor to fix the actual market value of any property the succession to which is subject to the tax levied by this subdivision of this chapter. * # * He shall at such time and place appraise the same at its actual market value as of the date of the accrual of the tax. * #
Section 5345:
‘ ‘ From the report of appraisal and other evidence relating to any such estate before the probate court, such court shall forthwith upon the filing of such report, by order entered upon the journal thereof, find and determine, as of course, the actual market value of all estates, the amount of taxes to which the succession or successions thereto are liable, the successors and legal representatives liable therefor; and the townships or municipal corporations in which the same originated.”
From the foregoing statultory provisions it is clear that the Ohio inheritance tax is a tax upon the right to receive property from the estate of a decedent. The technical language of the act above quoted taxes the “succession,” which by the statutory definition means “the passing of property.”
Section 5332 provides:
“Such tax shall be upon the excess of the actual market value of such property over and above the exemptions,” etc.
The “exemptions” mentioned in Section 5332 refer to specific exemptions’ mentioned in Section 5334. From the strict language of Section 5332 it may be taken that no deductions would be allowed *545 except the specific exemptions of Section 5334, but it is evident from other sections that such was not the legislative intent. By Section 5341 it is made the duty of the county auditor as inheritance tax appraiser to fix the actual market value of any property the succession to which is subject to the tax levied by the act and to appraise such property at its actual market value as of the date of the accrual of the tax, meaning thereby the death of the decedent. The duties of the auditor relate exclusively to the assets of the estate. Section 5345 makes it the duty of the probate judge to take the “report of appraisal and other evidence” and ascertain the market value of the “estate,” meaning thereby to ascertain the liabilities and subtract same from the assets appraised by the auditor and thus establish the basis of computation of the tax. That section imposes upon the probate judge either the duty of finding and determining the actual market value of the gross estate or of the net estate. If the gross estate is meant, it is difficult to see how there can be any deductions, because it is apparent by the further provisions of the same section that the amount of the tax upon the succession is computed upon the finding and determination of the judge in that connection. If it is upon the net estate, it would seem that the net estate could only be determined by deducting from the gross estate all items of every kind and character which have to be discharged out of the proceeds of the gross estate before distribution.
The auditor determines the actual market value of property, which term does not include liabilities. The probate judge ascertains the actual market value of the estate, which expression in this connee *546 tion must mean the net worth after ascertainment and deduction of all charges to which the property is subject. Clearly the duties of the two officers are not meant to be the same. The auditor has exclusive power to fix values upon all property of every kind and the probate judge begins at the point where the auditor leaves off and proceeds to determine the validity and amount of deductible charges and then determines the amount of taxes to which the succession or successions thereto are liable. If the word “estate” as applied in Section 5345 does not mean net estate, then the duty of the probate judge as prescribed by that section is wholly meaningless, because the value of the property has already been fixed by the inheritance tax appraiser. If any debts, expenses and charges are to be deducted, manifestly there should be no discrimination, and the deductions should include all debts, expenses, and charges of every kind which are payable by the administrator.
The view that the tax upon the succession should only be assessed upon the amount actually received by the heir or other beneficiary finds further support in other sections above quoted, and also in the provisions of Section 5335. In this section, which provides for the rates of taxation, it is found that the computation is made upon “the value of each individual succession.”
Section 5331 refers to property “which passes to any one person * * * from any one person,” etc.
Section 5332 refers to the succession of property “passing * * * to or for the use of a person.”
It is difficult to see how the Legislature could have intended that the tax should be computed upon prop *547 erty which, does not, in fact, pass and which is not, in fact, received by the beneficiary.
In Section 5331 “property” and “succession” are each defined, and it is plain that the words are not synonymous, and yet it is impossible for any taxable succession to exist without property having value; otherwise there would be nothing upon which to compute the rate or out of which to collect the tax. The cases which hold that the federal tax may not be deducted proceed upon the theory that the tax upon inheritances is a tax upon the right of succession, and that this right is complete at the instant of death, and, that, while the federal estate tax attaches at the same instant, it does not diminish the right, though it diminishes its value. However ingenious this theory may be, it must be admitted to be wholly impractical. The value of the right to receive must be exactly equal to the value of the property which passes, and it is shocking to every sense of justice to compute the rate upon a right which is less valuable than the property which passes to the heir pursuant to that right.
If it is a tax upon a right or privilege, the language of this court in State, ex rel. Schwartz, Pros. Atty., v. Ferris, 53 Ohio St., 314, 41 N. E., 579, 30 L. R. A., 218, is pertinent:
“The value of the right to receive is in direct proportion to the value of the property received.”
In Corbin v. Townshend, supra, the court observed :
“It is an obligation against the estate and payable like any expense which falls under the head of administration expenses. The tax paid is no part of the estate at the time of distribution; it has passed *548 from the estate and the share of the beneficiaries is diminished by jnst so much.”
In re Estate of Roebling, supra, the court reasoned as follows:
“The tax * * * is not imposed upon the immediate transfer of property .occasioned by death, but upon, the transfer to any pejrson or corporation, when the transfer is the subject of a legacy or devise, of distribution or descent. ■ In other words, it is not on the transitory succession of the executor or administrator,.but upon the.separate successions of tbe transferees, whether the succession be of the whole of the estate — a universal, succession — or of the singular succession of a legatee or devisee.”
The Wisconsin court, in Estate of Week, supra, reaches a contrary result, and yet admits that its logic would lead to a rejecting .of a practice of deducting any expenses of administration.
We have no difficulty in reaching the conclusion that expenses of administration should, be deducted, and this inference can be clearly drawn from the above quotation from paragraph 6, of Section 5332, General Code, it being therein expressly provided that a bequest to executors as compensation for 1heir services in excess of a reasonable compensation shall be taxable as a succession. Upon no principle of interpretation can it be presumed that the Legislature intended that a reasonable compensation to executors would be allowed ás a deduction, but that all other expenses of administration should be taxed. There should be no difficulty in reaching the conclusion that the debts are deductible, because of the provisions of Section 5339 above quoted. This entire problem could be solved under the provisions of Section 5332, paragraph 6, should we fob *549 low the Connecticut, Illinois and Minnesota cases, which hold that the federal tax is an expense of administration, and the problem can also be easily solved under Section 5339 if we hold that the federal tax is a debt of the decedent.
Oh the question of the federal tax being a debt, the authorities are not by any means in harmony, but according to the weight of authority it is a technical essential that a debt must arise out of a contract, express dr implied, and nearly all the authorities agree that a tax is not a debt. On the other hand, it has been decided in Matter of Accounting of Gall, Admx., 182 N. Y., 270, that the word “debt” includes every claim and demand upon which a judgment for a sum of money, or directing the payment of money, could be recovered in an action. It must be admitted that this definition has the sanction of common séiise.' The courts of Ohio have never given an authoritative general definition of the word “debt.” It'has however been decided in Allen v. Allen’s Admr., 18 Ohio St., 234, 236, that the allowance for the support of a widow is a debt, and the same has been decided in Watts v. Watts, 38 Ohio St., 480, 491. Both of these decisions were rendered upon the authority of Section 10714, General Code, making provision for the order in which debts of a decedent shall be paid, and referring to funeral expenses, expenses of administration, allowance to widow and children, debts entitled to a preference under the laws of the United States, and public rates and taxes as “debts of the deceased.” If expenses of administration and public rates and taxes are to be classed as debts of the deceased in the settlement of decedents’ estates, and if the Leg *550 islature has by statutory definition and construction so declared, surely a different definition and a different construction in the administration of the state inheritance tax would be so technical as to command neither respect nor support.
If, therefore, we assume that the Legislature intended to be just and to tax only the actual amount received by each beneficiary, respectively, and assume that the Legislature did not intend to discriminate between one kind of expense of administration and another, and to discriminate between one kind of tax and another, and if we assume finally that the Legislature intended that the definition of “debts” appearing in Section 10714, General Code, was meant to apply to a kindred subject, to-wit, the administration of the state inheritance tax law, then the conclusion must be reached that the Legislature also intended that every kind of debt, charge, expense, and claim of a valid nature against a decedent’s estate should be deducted, and the succession tax be computed only upon the net balance.

Judgment affirmed.

Wanamaker, Robinson, Jones and Matthias, JJ., concur.