CHARLES A. WATROUS ET AL. *v.* WILLIAM F. CONNELLY,
TAX COMMISSIONER

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, JS.

Argued April 7—decided May 12, 1954

*Charles M. Lyman,* with whom was *Cleaveland J. Rice, Jr.,* for the appellants (plaintiffs).

*Herman Levine,* inheritance tax attorney, with whom, on the brief, were *William L. Beers,* attorney general, and *Frederic W. Dauch,* first assistant tax commissioner, for the appellee (defendant).

BALDWIN, J. The plaintiffs are two of the three executors and two of the devisees and residuary legatees under the will of Bertha A. Watrous. They have appealed from a judgment of the Superior Court sustaining a decree of the Probate Court for the district of New Haven which approved, as computed by the defendant tax commissioner, the succession tax laid upon the estate of Bertha A. Watrous and ordered it to be paid. The crucial question is whether the amount of the federal estate tax should be deducted from a decedent's gross estate in the determination of the net estate by which the succession tax is measured.

The trial court found that Bertha A. Watrous died on March 19, 1951, while a resident of New Haven. Her will, admitted to probate in the Probate Court for the district of New Haven, gave her residuary estate to her children "absolutely in equal shares." Four children survived—George D. Watrous, Jr., Katherine W. Miller, Charles A. Watrous and Frederick W. Watrous. The three sons were named as executors. In March, 1952, they filed a Connecticut succession tax return reporting the gross taxable estate, the amount of which was later corrected to be $454,839.84. The net estate, before payment of the

federal estate tax, was $433,977.38. In schedule K of the return, wherein provision is made for listing bequests, legacies, devises, grants and distributive shares, the executors listed a federal estate tax estimated at $97,000 in addition to certain specific bequests and the distributive shares of the residue. They did not list the federal estate tax in the portion of the return devoted to deductions. In October, 1952, the tax commissioner filed his computation of the tax, based upon the return as corrected. All the deductions claimed as such were allowed. The tax was calculated on the basis that $432,977.38 passed to class A relatives and $1000 to class B relatives; a total tax of $17,528.64, with interest, resulted. In the net estate subject to tax, the tax commissioner included the sum of $97,000, which was the estimated amount of the federal estate tax listed in schedule K of the return. If this item had not been included, the amount of the succession tax would have been $12,274.26, with interest. The federal estate tax actually paid by the executors was $98,492.19. In her will, the testatrix directed that all taxes were to be paid out of the residuary estate.

The plaintiffs claim that the amount paid to the federal government for the federal estate tax should not be included in the net estate upon which a Connecticut succession tax is payable because (1) the statute, properly construed, does not require it and (2) the statute, if interpreted to require it, is an unconstitutional exercise of the taxing power.

The succession tax had its genesis in the so-called collateral inheritance tax law. Public Acts 1889, c. 180, 1893, c. 257, and 1897, c. 201. The act of 1897 laid a tax upon "[s]o much of the estate of any deceased person as exceeds ten thousand dollars in value." No legislative provision was made for de-

ductions of any kind, although certain exemptions were later granted. Public Acts 1901, c. 123; General Statutes, Rev. 1902, § 2367; Public Acts 1909, c. 218, § 1; Public Acts 1911, cc. 148, 204; Public Acts 1913, cc. 73, 231, § 2. In 1913, the deduction of claims allowed and paid, funeral and administration expenses, allowances for the support of a widow and children, unpaid mortgages and losses incurred in the reduction of choses in action to possession was permitted for the first time in determining the taxable estate. Public Acts 1913, c. 231, § 9. In 1915, the phrase "funeral and administration expenses" was changed to "all funeral expenses and expenses of administration." Public Acts 1915, c. 332, § 5. Subsequent amendments and revisions continued the deduction for expenses of administration in determining the net taxable estate. General Statutes, Rev. 1918, § 1263; Public Acts 1921, c. 297, § 2.

We held in *Corbin* v. *Townshend,* 92 Conn. 501, 506, 103 A. 647 (1918), that the federal estate tax imposed by the Revenue Act of 1916 (39 Stat. 777), as amended by the Revenue Act of 1917 (39 Stat. 1002), fell within the term "expenses of administration" and was deductible in determining the net estate subject to the Connecticut succession tax. This decision, in part, was incorporated in the statute in 1929, when the General Assembly expressly provided for the deduction of the federal estate tax. Public Acts 1929, c. 299, § 10 (d); Rev. 1930, § 1369 (d); Rev. 1949, § 2030 (d). Beginning in 1929, also, "[t]hat percentage of the federal estate tax . . . which the fair market value of real estate and tangible personal property situated outside of this state shall be of the net estate subject to such federal estate tax" was specifically made nondeductible. Public Acts 1929, c. 299, § 11 (a).; Rev. 1930, § 1370 (a);

Rev. 1949, § 2031 (a). This provision was a limitation upon the broad rules stated in *Corbin* v. *Townshend*, supra, 506.

A radical change in legislative policy occurred in 1949. Cum. Sup. 1953, §§ 923c, 924c. Not only was the federal estate tax eliminated in the enumeration of deductible items but, to make assurance doubly sure, it was specifically stated that the federal estate tax was not a deductible expense of administration. It may well be that the General Assembly intended to compensate for this change by lowering the tax rate on net taxable estates in excess of $75,000. General Statutes § 2026; Cum. Sup. 1953, § 926c.

The plaintiffs have made an ingenious argument to obviate the effect given to the statute by the tax commissioner. They argue that General Statutes, § 2021, specifically enumerates the transfers which are taxable: Those made by will, by the statutes of descent, in contemplation of death, or by gift or grant intended to take effect in possession or enjoyment at or after the death of the transferor. They assert that the direction by the testatrix for the payment of the federal estate tax from the principal of her estate is, in effect, a transfer to the United States by testamentary direction and, as such, is a transfer which is not listed among the transfers which are taxable. Moreover, they say, it is a transfer specifically exempted by General Statutes, § 2027 (a). They contend further that if it is not, in fact, such a transfer, it is still a recognition by the testatrix that a certain portion of her estate will be taken under some law paramount to the law of Connecticut, the amount transferred to them being thereby reduced, and that only upon the property transferred to them can a tax be laid. Stated another way, their claim is that the will provides for the payment of the federal

estate tax out of the principal of the estate, that this payment constitutes a transfer to the United States which is exempt, that it reduces the "beneficial succession" which passes to the legatees and that only so much of the estate as can be transferred to them is subject to the succession tax. To establish this position and to present this argument, the executors did not claim the federal estate tax as a deduction but listed the amount in schedule K of their return as a bequest, legacy or distributive share to the United States.

The decisions of this court appear to lend some support to the plaintiffs' claim. We have consistently held that our succession tax is a tax upon the privilege of beneficial succession and is levied with regard to that portion of the estate which will pass to the transferees. *Hopkins' Appeal,* 77 Conn. 644, 651, 60 A. 657; *Sherman* v. *Moore,* 89 Conn. 190, 193, 93 A. 241; *Corbin* v. *Townshend,* 92 Conn. 501, 503, 103 A. 647; *Bankers Trust Co.* v. *Blodgett,* 96 Conn. 361, 365, 114 A. 104; *Blodgett* v. *Guaranty Trust Co.,* 114 Conn. 207, 217, 158 A. 245; *Jerome* v. *Jerome,* 139 Conn. 285, 288, 93 A.2d 139; 3 Locke & Kohn, Conn. Probate Practice, p. 29. Furthermore, the nature and extent of the deductions allowed under General Statutes, § 2030, and its predecessors, being primarily those expenses charged against the principal of the estate, would seem to indicate that the legislature proceeded upon the theory that, the principal of the estate having been reduced by their payment, only the part of the principal which is actually transferred is to be taxed. Locke & Kohn, op. cit., p. 84. An argument based upon these premises, however, must fail in the face of an obvious legislative intent, clearly expressed. Section 923c of the 1953 Cumulative Supplement provides that as re-

gards resident transferors "the net estate for the purposes of the tax imposed . . . shall be ascertained by deducting from the gross taxable estate" certain specified deductions. Therefore the law clearly directs that a tax shall be imposed on all of the gross taxable estate less the listed deductions. Whereas General Statutes, § 2030, specifically listed the federal estate tax as a deductible item, § 923c omits it. While General Statutes, § 2031, provided, in substance, that the portion of the federal estate tax laid upon property which is situated outside of Connecticut and is consequently not subject to the Connecticut succession tax was a nondeductible item, § 924c lists the entire federal estate tax as a nondeductible item. It would be difficult to find legislative conduct and language which more clearly and unequivocally express a legislative intention that the amount of the federal estate tax shall not be deducted in determining the net taxable estate subject to the Connecticut succession tax, or exempted in computing the tax. Courts cannot abrogate a clear expression of legislative intent. *Farmer* v. *Bieber-Goodman Corporation,* 118 Conn. 299, 303, 172 A. 95; *Mad River Co.* v. *Wolcott,* 137 Conn. 680, 688, 81 A.2d 119; *State ex rel. Rourke* v. *Barbieri,* 139 Conn. 203, 207, 91 A.2d 773.

Furthermore, the inclusion of the amount of the federal estate tax in the base upon which the succession tax is computed is not at variance with the theory of the succession tax law. That theory is that a tax is to be assessed, not directly upon the amount received by the beneficiaries, but upon the privilege which the state grants them to receive it. It is the privilege of inheriting, not necessarily the amount inherited, that is being taxed. It is in complete accord with this theory for the legislature to measure

the tax assessed on this privilege in any way, or on any base within its control, as it may choose. *Blodgett* v. *Bridgeport City Trust Co.*, 115 Conn. 127, 142, 161 A. 83; *Hopkins' Appeal*, 77 Conn. 644, 651, 60 A. 657. That the base chosen for the computation of the tax includes the amount of the federal estate tax is not in conflict with the fundamental theory of the legislation. The Probate Court construed the statute correctly.

The plaintiffs make the further claim that the statute as thus construed imposes a tax upon a portion of the estate which they did not and could not receive and that they have been subjected to a tax upon a tax, which amounts to a taking of their property without due process of law, in violation of the fourteenth amendment' to the federal constitution and §§ 1 and 12 of article first of the constitution of Connecticut. It is true that the federal tax is one "upon the transfer of, rather than the succession to, property of the decedent." *Blodgett* v. *Guaranty Trust Co.*, 114 Conn. 207, 217, 158 A. 245; *Ithaca Trust Co.* v. *United States*, 279 U.S. 151, 155, 49 S. Ct. 291, 73 L. Ed. 647; *Edwards* v. *Slocum*, 264 U.S. 61, 62, 44 S. Ct. 293, 68 L. Ed. 564. On the other hand, the Connecticut succession tax is one "upon the right or privilege of succession to the property of a decedent." *Corbin* v. *Townshend*, 92 Conn. 501, 503, 103 A. 647, and cases cited. It is a tax, as previously stated, upon the privilege of beneficial succession. But the legislature has determined that this distinction shall make no difference so far as the allowance of exemptions and deductions in fixing the net taxable estate is concerned. "Since the right to transmit or receive property upon the death of the owner is not an inherent right but purely a privilege granted by the State, it is obvious that that

privilege may be abridged or coupled with conditions at the will of the State." *Blodgett* v. *Bridgeport City Trust Co.,* 115 Conn. 127, 142, 161 A. 83; *Bankers Trust Co.* v. *Blodgett,* 96 Conn. 361, 368, 114 A. 104; *Nettleton's Appeal,* 76 Conn. 235, 243, 56 A. 565; *Stebbins* v. *Riley,* 268 U.S. 137, 141, 45 S. Ct. 424, 69 L. Ed. 884, 44 A.L.R. 1454.

The gross estate for purposes of the tax imposed is the total of the fair market value of all property transferred and not specifically exempted, with certain additions not pertinent to this case. General Statutes § 2029. In the computation of the tax, the value of the estate is fixed as of the date of the death of the decedent. *Newell* v. *McLaughlin,* 126 Conn. 138, 143, 9 A.2d 815. This is because "the right of inheritance or succession becomes fixed and determined at the moment of the death of the owner, and although distribution occurs a considerable time thereafter, it relates back to the date of the death as the time when the right of the beneficiary became fixed." *Blodgett* v. *Bridgeport City Trust Co.,* 115 Conn. 127, 144, 161 A. 83; *Blodgett* v. *New Britain Trust Co.,* 108 Conn. 715, 720, 145 A. 56. The value of the net taxable estate of a resident decedent is arrived at by subtracting the debts, charges, taxes and expenses which are enumerated in the statutes from the gross taxable estate. Cum. Sup. 1953, §§ 923c, 924c. How the tax shall be computed and what shall constitute allowable deductions and exemptions rest in legislative discretion. Neither the federal government nor the state is under any constitutional obligation to allow a deduction for a tax imposed by the other. *Frick* v. *Pennsylvania,* 268 U.S. 473, 500, 45 S. Ct. 603, 69 L. Ed. 1058, 42 A.L.R. 316. The statute is one within the constitutional powers of the legislature to enact.

There is no error.

In this opinion the other judges concurred.