Litchfield,
June,
1824.

Heath   | 5   237
  v.    | 72  150
White.

---

The Warden, Burgesses and Freemen of the borough of BRIDGEPORT *against* HUBBELL and others :

### IN ERROR.

*H.* and others brought a petition to the county court against the town of *S.* for a highway within the borough of *B.* in that town ; whereupon a committee were appointed, who made their report to the term of the court in *April*, 1820, finding the road prayed for to be of common convenience and necessity, and laying it out. This report, on a remonstrance from the town of *S.* was, at the same term, set aside ; and on motion of the petitioners, a new committee were appointed, and the cause continued for advice to the term of the court in *November*, 1820. In *May*, 1820, the legislature passed a public act, providing, that whenever any new highway, wanted, within the limits of any city or borough, for the special convenience of such city or borough, but not for common convenience and necessity, should be laid out, in the manner prescribed, the charges of laying it out, and the damages done to individuals, should be paid by such city or borough. This act also provided, that where any petition was *then pending* for a highway, within the limits of any city or borough, and it was claimed by the town against which such petition was brought, that it was for the special convenience of such city or borough, the court should order a continuance of the petition, and cite in the city or borough to object to the laying out of the highway at its expense ; and then the court were authorized, if they should deem the objections insufficient, to proceed to appoint a committee, to lay out the road, at the expense of the city or borough. Under this act, the town of *S.* appeared, at the term of the court in *November*, 1820, and claimed, that the highway prayed for was for the special convenience of the borough of *B.*, and not of common convenience and necessity ; whereupon the petition was continued, and the borough of *B.* c.ted in. At the next term, the borough of *B.* appeared, and pleaded in abatement, 1st, that large costs and expenses had previously arisen, and 2ndly, that it appeared from the record, that the road prayed for was of common convenience and necessity. The court adjudged the plea insufficient ; and after hearing the parties, found, that the road prayed for, was for the special convenience of the borough of *B.*, and not of common convenience and necessity. A committee, appointed for the purpose, then laid out the road ; which was established by the court ; and judgment was rendered against the borough of *B.* for the whole costs of prose-

Fairfield,
June,
1824.

Bridgeport
v.
Hubbell.

cuting the petition, as well as for the expenses of the road. Held, 1. that the act of the legislature, above referred to, was not void, as being either unconstitutional, retrospective or incompatible with the chartered rights of corporations; 2. that the petition brought was sufficient, without amendment, as the foundation of a proceeding, under the statute, against the borough of *B*.; 3. that the objections interposed by the plea in abatement, were properly overruled; 4. that the finding of the court against the borough of *B*., relative to the convenience and necessity of the road, without the intervention of a committee, was correct, being explicitly authorized by the statute; 5. that the borough of *B*. could not be subjected to the payment of costs, which accrued before it was made a party to the proceeding.

In *February*, 1820, *David Hubbell* jun. and others brought a petition against the town of *Stratford*, for a highway within the limits of the borough of *Bridgeport* in that town, returnable to the county court of *Fairfield* county, stating such highway to be of common convenience and necessity. A committee were appointed, who made their report to the term of the court in *April*, 1820, in which they found the road prayed for to be of common convenience and necessity, and then laid it out, assessing the damages done to individuals at 136 dollars, 50 cents, and stating their own fees at 18 dollars, 50 cents. On a remonstrance from two individuals, whose property would be affected by the road thus laid out, and also from the town of *Stratford*, the report was set aside; and on motion of the petitioners for the appointment of a new committee, the cause was continued for advice to the term of the court in *November*, 1820. In *May*, 1820, the legislature passed a public act, providing, that whenever any new highway, wanted, within the limits of any city or borough, for the special convenience of such city or borough, but not for common convenience and necessity, should be laid out, in the manner prescribed, the charges of laying it out, and the damages done to individuals, should be paid, by such city or borough. The last section of the act was as follows: "And be it further enacted, that where any petition is now pending for a highway within the limits of any city or borough as aforesaid, and it is claimed, by the towns against which such petition is brought, that the same is for the special convenience of such city or borough, and not for common convenience and necessity, the said court shall order a continuance of the case, and cause a citation to be served on the clerk of such city or borough, at least twelve days before the sitting of the next county court, notifying such city or borough to appear, if they see cause, before said court, and object to the laying out of such highway at their expence; and if said

court shall be of opinion that the reasons offered why such highway should not be laid out, at the expense of such city or borough, are insufficient, they shall proceed to appoint a committee to lay out the same, and shall have power to order the charges and costs of such road to be paid by such city or borough, in like manner as if such petition had been originally brought against such city or borough." At the term of the court in *November*, 1820, the town of *Stratford* again appeared, and claimed that the highway prayed for, was for the special convenience of the borough of *Bridgeport*, and not for common convenience and necessity. The court thereupon continued the cause to the next term, in *February*, 1821, and ordered the clerk to issue a citation to the borough of *Bridgeport*, to be served on the clerk of such borough, to appear at the last-mentioned term, and shew reasons why such highway should not be laid out, and to object to the laying out thereof at the expense of said borough. The borough of *Bridgeport* accordingly appeared, and pleaded in abatement of the process, 1st, that large costs and expenses in the laying out of the road, had arisen, before the passing of the act, and before the term of the court in *April*, 1820; 2ndly, that the court had found, on an issue joined between the petitioners and the town of *Stratford*, that said road was of common convenience and necessity, which appeared of record. To this plea the town of *Stratford* demurred. The court adjudged the plea insufficient; and, after hearing the parties, with their evidence, found, that the road prayed for, if laid out, would be for the special convenience and necessity of the borough of *Bridgeport*, and not of common convenience and necessity; and appointed a committee to lay out such road. The committee laid out the road accordingly, assessing the damages done to individuals at 132 dollars, 50 cents, and stating their own fees and expenses at 15 dollars; and made report of their doings to the term of the court in *April*, 1821. The court accepted the report, and established the road. The borough of *Bridgeport* then moved, that the costs which accrued in favour of the petioners, in prosecuting their petition before the term of the court in which said borough appeared, in obedience to the citation, should be taxed against the town of *Stratford*; and that said borough should not be subjected to the payment of the costs and charges, which accrued before it became a party respondent to the petition. The court decided, that the whole costs of prosecuting the petition, and of laying out the road, taxed at 99 dollars, 69 cents, should be paid to the petitioners, by the

Bridgeport
*v.*
Hubbell.

borough of *Bridgeport.* A writ of error being brought in the superior court, the case was reserved for the advice of all the Judges.

*Daggett,* for the plaintiffs in error.

*Sherman* for the petitioners, and *Bissell* for the town of *Stratford,* defendants in error.

HOSMER, Ch. J. Two general objections have been made to the determination of the county court.

1. It is said, the law enforced against *Bridgeport* is void, being unconstitutional, retrospective and incompatible with the chartered rights of corporations.

No clause in the constitution of the *United States,* or of this state, has been cited, which prohibits the act of the legislature now in question. An act *ex post facto* relates to *crimes* only ; it is, emphatically, the making of an innocent action criminal ; and the expression is never applicable to a law creating a civil obligation. *Calder* & ux. v. *Bull & ux.* 3 *Dallas* 386.

It is difficult to see in what sense the act of the legislature can be considered as retrospective ; as the object of the law is entirely prospective ; authorising the laying-out of highways in future, at the expense of cities and boroughs, if for their special convenience   But the question is not worth debating, as the law is eminently just ; and if it is retrospective, it, notwithstanding, is not invalid. *Goshen* v. *Stonington,* 4 *Conn. Rep.* 209.

It must be admitted, if the legislature should create a corporation, and give it a charter or constitution, for the management of its concerns, it could not prescribe to it rules, laws, statutes or ordinances for its proceedings, except in those cases where it has right at pleasure to alter or revoke the charter. By its own by-laws, not contrary to the laws of the state and the common law, it must be governed, in respect of all its concerns.   But that a corporation of a local nature, instituted for political purposes, may not be subjected to any measure, by act of the legislature, even for its own benefit ; that it is not compellable to make and repair roads, and erect bridges, for the special convenience of those who inhabit within its limits ; and that it is not bound, by the general and common laws of the realm, in opposition to the assertion made by Sir *John Holt,* in *Philips* v. *Bury,* 1 *Ld. Raym.* 5. are propositions, to which I

cannot assent. No difference exists, so far as relates to the obligation of making roads and bridges within their limits, between towns, cities and boroughs; and if the legislature cannot, by its general laws, compel *all* of them to perform this necessary measure, it cannot compel *either*. No local corporation, any more than a natural person, can claim exemption from a law for the making and repairing of highways.

2. It was next objected, that the proceeding of the county court was irregular and erroneous. A petition was brought, by *David Hubbell* jun. and others, against the town of *Stratford*, within which *Bridgeport* is located, to the county court for *Fairfield* county, stating, that a highway therein specified was of common convenience and necessity. A committee was appointed, who reported the above allegation to be true; but on remonstrance, the report, in *April*, 1820, was set aside. This determination annulled the report of the committee; and the case was brought back to the unsupported allegations of the petition. A motion then was made for the re-appointment of a commitee; and for advice on this subject, the case was continued. In the succeeding session of the legislature, held in *May*, 1820, an act was passed, subjecting the cities and boroughs in the state, when any new highway or common road should be wanting within their limits, *for the special convenience of any city or borough,* but not for common convenience or necessity, to the charge and expence of them, and authorising the county courts to proceed and cause them to be laid out, according to the provisions of the law in regard to highways. It was likewise enacted, that where any petition was *then pending* for a highway, within the limits of any city or borough, and it was claimed by the town against which such petition was brought, that the same was for the special convenience of such city or borough, the court should order a continuance of the case, and cause a citation to be served on the clerk of such city or borough, at least twelve days before the sitting of the next county court, notifying such city or borough to appear and object to the laying-out of the highway at its expence; "and if said court shall be of opinion, that the reasons offered why such highway should not be laid out, at the expence of such city or borough, are insufficient, they shall proceed to appoint a commitee to lay out the same, and shall have power to order the charges and costs of such road to be paid by such city or borough, in like manner as if such petition had been originally brought against such city or borough."

*Fairfield,*
June,
1824.

Bridgeport
*v.*
Hubbell.

Under the authority of the above law, *Stratford* appeared at the term of the county court, held in *November*, 1820, and claimed, that the highway, as prayed for, was for the special convenience of the borough of *Bridgeport*, and not for the common convenience or necessity. The petition, upon this, was continued, and *Bridgeport* was cited to appear according to the requisition of the statute.

It is said, that the above proceeding was irregular; and that the petition should have been amended, by expunging the expression "common convenience and necessity," and in its place, inserting that the highway was for *the special convenience of Bridgeport.* How could this proceeding be effected? The petition was brought by *Hubbell* and others, against the town; and there was no possibility, on any legal principle, for *Stratford* to obtain the amendment of the application. *Hubbell* and others might have procured this to be done; but a defendant can never cause the plaintiff's process to be amended. The law seems to have been misconceived. It was made for the benefit of the town against whom a petition for a highway was depending; and in this novel case, the mode of practice was designated by the legislature. The defendant was to claim, that the requested highway was not for the general advantage, but for the special convenience of a city or borough; and then such city or borough, in a prescribed manner, was to be made a party. The peculiarity of the record, commencing with a declaration against the town, and terminating with a decision against a city or borough, made a party in the midst of the proceeding, arises from the peculiarity of the case. Examined disconnectedly, and *per se,* the record appears irregular and incongruous; but read with reference *to a known public statute,* there is neither irregularity, nor incongruity. Perhaps a mode of practice more analogous to established principle in other cases, would have been preferable; but as the law in its operation was very narrow, and only embraced the cases depending at its enactment, it probably was thought unnecessary to bestow much attention on this unimportant subject. I am satisfied, that the proceeding of the court was in conformity to the statute; and that *Bridgeport* was made a legal party to the suit.

At the term of the court, held in *February,* 1821, *Bridgeport* appeared, by its agent, and pleaded in abatement of the process, by which they had been summoned to appear. It was first objected, in the plea, that large costs and expenses had already arisen in the case. The insufficiency of this objection is

apparent; as the court, in the final result, could decree, that the above expenses and costs should not be allowed against *Bridgeport*. In the next place, it was averred, that from the record it appeared, that the court had already found the highway to be of common convenience and necessity. The error of this suggestion is unquestionably clear. The committee had reported the preceding fact; but the report had been set aside by the court, and hence the record demonstrated, that the facts upon this subject were entirely open. The county court, with perfect correctness, adjudged the plea to be insufficient; and thereupon the parties were heard, with their evidence, and the court found, that the proposed road was for the special convenience of *Bridgeport*, and not for the common convenience and necessity.

It has been made a question, whether the court was authorised to enquire into and determine the above facts, on the supposition, that the enquiry should have been made by a committee. On this subject no reasonable doubt can exist. By the section of the law, under which the court proceeded, and was empowered to proceed, it is explicitly enacted, "that if said court shall be of opinion, that the reasons offered why such highway should not be laid out, at the expense of said city or borough, are insufficient, they shall proceed to appoint a committee to lay out the same." The validity of the objections to the highway the court is to pronounce upon; and the power of the committee, limited to the laying-out of the road, does not extend to any enquiry relative to its convenience or necessity.

On an examination of the record, I discover one error only; and that relates to the costs in laying out the highway. Those which accrued in the prosecution of the petition, before *Bridgeport* was made a party, ought not to be put on the borough, unless the statute is imperative to this effect. It is manifestly unjust, that it should be; and if the law admits of construction, and is not definite, it cannot retrospect so inequitably. *Dash* v. *Van Kleeck*, 7 *Johns. Rep.* 477. The statute *gives the court power* to tax the costs, *in like manner*, as if the petition had originally been brought against the borough. I am not clear, if the law is construed literally, that the legislature has prescribed any rule with respect to the allowance of the costs; but only, that they may be collected, in *the same manner*, as is customary in similar cases. And this consideration is fortified, by the terms of the act, which impose no specific duty, and merely *confer power*. But, be this as it may, it is an undoubted princi-

*Fairfield,*
*June,*
*1824.*

*Bridgeport*
*v.*
*Hubbell.*

ple, that a thing within the *letter* of a statute, is not within the law, unless it be within the *intention* of the makers ; and that a statute ought, sometimes, to have such equitable construction as is contrary to the letter. 6 *Bac. Abr.* 386. 387. *Gwil.* ed. Now, the law, literally expounded, *is just,* so far as relates to the costs arising *posterior* to *Bridgeport's* becoming a party to the suit ; and it is a presumption fairly warranted, that as the terms of it are, to a certain extent, operative, and equitable in their meaning, they were only intended to be thus far imperative. Beyond this, the injustice of the case forbids the supposition, that costs were prescribed.

I would, therefore, advise a reversal as to the costs and charges ; and that the cause be remanded.

PETERS, BRAINARD and BRISTOL, Js. were of the same opinion.

> Judgment to be reversed,
> and cause remanded.