WILLIAM K. STONE ET AL. APPEAL FROM PROBATE.

Third Judicial District, Bridgeport, October Term, 1901.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Under our statute of wills no oral or nuncupative will made in this State by a person domiciled and residing therein is of any validity.

Argued November 8th—decided December 20th, 1901.

APPEAL from an order and decree of the Court of Probate for the district of Sherman refusing the probate of a nuncupative will, taken to the Superior Court in Fairfield County and dismissed by the court, *Robinson, J.*, upon motion of the appellees, for lack of jurisdiction, and appeal by the original appellants for alleged error of the court. *No error.*

The case is sufficiently stated in the opinion.

*J. Hervey Cook* of Fishkill, N. Y., for the appellants (Stone *et al.*).

*Samuel Tweedy*, for the appellees (executor *et al.*).

TORRANCE, C. J. From the record in this case it appears that in 1897 Raymond Kellogg, then of the town of Sherman in this State, now deceased, made, published and declared, a nuncupative will as and for his last will; that he was at the time of making said will of disposing mind and memory, lying *in extremis*, with neither time nor opportunity to make and execute a written will; that after his death the present appellants, who are heirs-at-law of the deceased, applied to the Court of Probate for the district of Sherman to have said nuncupative will proved and approved as the last will of said deceased; that the Court of Probate dismissed said application, and that the Superior Court on an appeal from said decree of dismissal approved and confirmed the same.

The one important question in the case is whether a nuncupative will made in this State by a person domiciled here can be admitted to probate in the courts of this State.

So far as we are aware this court has never before passed upon such a question. Under the common law the right to dispose of one's property by will is regarded, not as a natural right, but as one created and conferred by law. 12 Ency. of Laws of Eng. p. 591; 1 Redfield on Wills, § 1; *Irwin's Appeal*, 33 Conn. 128, 135. This being so, the extent of the right, and the conditions under which it may be exercised, are and can be only such as the law prescribes. An expression of will failing to comply with the prescribed conditions is a mere nullity. In England, realty could not be devised at all until about the middle of the sixteenth century (32 Hen. VIII, Ch. 1), and then only by writing; and although the right to dispose of one's personalty by will may be said to be a common-law right, yet for many years in England the right to thus dispose of *all* one's personalty was not fully recognized everywhere. Indeed it may truthfully be said

that it was not until 1837 (I Vic. Ch. 26, § 3) that the right to dispose of all one's property was fully recognized in England.   12 Ency. of Laws of Eng., title, Will.

In Connecticut, from a very early period, laws have existed providing certain conditions under which this power of testamentary disposition can alone be exercised.   In the Code of 1650 it was provided that persons of the age of twenty-one years "shall have full power, authority and liberty to make their wills and testaments, and all other lawful alienations of their lands and other estates ; " and that persons of the age of seventeen years "shall have power and authority to dispose of their personal estate, by will or testament." Rev. of 1808, p. 42.   In 1719 it was provided that no will containing a devise of real estate "shall be held good, and allowed for any such devise or devises, if they are not witnessed by three witnesses, all of them signing in presence of the testator."   Prior to the Revision of 1821, it does not appear that any express statutory provision existed requiring all wills to be in writing ; but by clear implication from the statutes prior to that time relating to devises of real estate, wills containing such devises were required to be in writing, just as they were in England.   Although it does not appear that prior to the Revision of 1821 any statutory provision existed expressly, or by clear implication, requiring wills of personalty to be in writing, yet the legislation of that period in reference to estates, executors, probate courts, and proof of wills, seems to proceed upon the fact that written wills alone were used and proved.   It is true that *Judge Swift* in his "System" (Vol. 1, p. 420), published in 1795, gives the substance of what Blackstone says about nuncupative wills, as one of the common-law forms of testamentary disposition ; but it does not follow from this that such wills were ever used and proved in this State.   We are not aware that unwritten wills have ever been used or probated in this State, although it may have been done.   In the case of *Card* v. *Grinman*, 5 Conn. 164, 166, counsel for the appellees in their brief, say : " The earliest records of the Colony show that written wills were in constant use ; and there

is not a suggestion in all our juridical history, that there could be a valid will without writing."

But be this as it may, we think it clear that under our present statute, and since 1821, the will offered for probate in the case at bar is no will at all. The statute provides, in express terms and without exception, that all wills shall be in writing, and that a will not in writing shall not be valid to pass any estate. The offered will is not in writing, and thus fails to comply with one of the conditions made essential to the exercise of the testamentary disposition. It is therefore a mere nullity. The reasoning in support of such a conclusion, of BUTLER, J., in *Irwin's Appeal*, 33 Conn. 128, and of LOOMIS, J., in *Lane's Appeal*, 57 id. 182, is equally applicable in the case at bar, and we adopt without repeating it here.

The will in question was made in this State by a person domiciled and residing therein, and not by a mariner at sea, nor by a soldier in actual service. Whether, in favor of these last-named classes of persons, an exception in regard to nuncupative wills exists under our statute, is a question not involved in the present case and upon which we express no opinion.

There is no error.

In this opinion the other judges concurred.