BANKERS TRUST COMPANY ET AL., EXECUTORS, *vs.*
WILLIAM H. BLODGETT, TAX COMMISSIONER.

Third Judicial District, New Haven, January Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

A succession tax, by whatever name called, is a tax upon the privilege of receiving or transmitting property after death, and hence is laid upon that portion of the estate which passes to the beneficiaries; and unless there be some beneficial succession, there is nothing to which a succession tax can be attached.

The tax imposed by General Statutes, § 1190, on the gross value of that portion of a decedent's estate upon which no town or city tax has been assessed, or State tax paid, during the year preceding the decedent's death, is not a succession tax; but it is a penalty in the nature of an estate tax for an omission of the decedent to list property for taxation, and thus is a punishment for a wrong done the public treasury.

As such, however, it is within the power of the State to impose; for

with the power to tax must go the power to enforce collection of the tax by all summary means not contrary to the Constitution; and one of these means is the imposition of penalties in order to compel payment and as a punishment for evasion or neglect of . the duty, owed the public, of paying the tax.

Section 1190 is not void as an *ex post facto* law, since the constitutional prohibition against such laws is confined to those respecting criminal punishments, and retrospective laws, when not of a criminal nature, are not unconstitutional on the ground of their retrospective character; nor is such section void as imposing an excessive fine in violation of § 13 of Article First of the Constitution of Connecticut, since that applies to a punishment imposed upon a person convicted of crime or misdemeanor, and the offense here punished is neither.

The statute contains a proviso that the stated rate of the tax of two per centum per annum for five years upon property of the estate subjected to it, may be reduced proportionately by proof that for any portion of this period the proper State and local taxes have been paid, or that the property was not in the ownership of the decedent. *Held:*—

1. That the statute did not conflict with the Fourteenth Amendment to the Federal Constitution, as depriving the creditors and distributees of an estate of their property without due process of law, by exacting a penalty from them for the decedent's omission, or by creating against them a presumption of guilt for such omission, since such persons had no absolute right to the decedent's property on his death, the disposal thereof by will being a privilege granted by the State upon such conditions as it might impose; and that the imposition of a penalty—which might have been made a flat rate, but was actually made subject to reduction upon proof of certain facts—was but a reasonable condition made to secure the payment of the public taxes.

2. That the statute could not be pronounced so purely arbitrary as to violate that Amendment.

3. That it could not be attacked as unconstitutional because of its classification.

4. That the right of appeal from the determination of the tax commissioner to the Superior Court, given by § 1192, afforded those subject to that tax the due process of law guaranteed by the Constitution.

5. That the penalty provided by § 1190 falls within the third class of claims against a decedent's estate, as enumerated in § 5007, and should be paid in that order.

A civil action for recovery of a penalty incurred by a decedent may, by statutory sanction, survive.

Argued January 18th—decided June 1st, 1921.

Bankers Trust Co. *v.* Blodgett.

ACTION in the nature of an appeal from the demand of the Tax Commissioner for the payment of a tax of $10,286 from the estate of a decedent upon which the plaintiffs were executors, taken to and reserved by the Superior Court in Fairfield County, *Keeler, J.,* upon demurrer of the Tax Commissioner to the complaint, for the advice of this court. *Superior Court advised to sustain the demurrer and dismiss the appeal.*

*John M. Comley,* for the plaintiffs.

*William E. Egan* and *Carlos S. Holcomb,* with whom, on the brief, was *Frank E. Healy,* Attorney-General, for the defendant.

WHEELER, C. J.   The plaintiffs, the duly qualified executors under the will of Lena McMullen, late of Norwalk, filed with the tax commissioner of Connecticut an affidavit in accordance with Chapter 50 of the Public Acts of 1919, and thereafter the tax commissioner filed with the State treasurer a statement that there was due from the estate of Lena McMullen to the State of Connecticut, by virtue of its statutes, $10,286.39, and made claim for such sum.   Thereupon the executors made this application in the nature of an appeal from said claim, to which the defendant demurred.   The single point raised by the demurrer is that the statutes*

---

* General Statutes, § 1190. ` All taxable property of any estate upon which no town or city tax has been assessed as provided in section 1189 or upon which no tax has been paid to the state during the year preceding the date of the death of the decedent, shall be liable to a tax of two per centum per annum on the appraised inventory value of such property for the five years next preceding the date of the death of such decedent, *provided,* the executor or administrator of any estate may, by furnishing evidence to the satisfaction of the tax commissioner that a state, town or city tax has been paid on any of such property for a portion of said five years or that the ownership of such property has not been in the decedent for a portion of said period, obtain a proportionate deduction

which authorize this action of the commissioner are unconstitutional.

The obvious legislative purpose is to compel estates to pay to the State a sum which shall approximately equal the taxes which property of the estate has escaped paying while in the hands of the decedent. The power of an owner to transfer property owned by him to his legatee, or to have the distributee named by the law receive it, "is a privilege granted by the State, which may properly dictate the terms on which the privilege may be enjoyed." *Nettleton's Appeal*, 76 Conn. 235, 243, 56 Atl. 565, 567; *Hatheway* v. *Smith*, 79 Conn. 506, 65 Atl. 1058.

from the tax hereby imposed, and *provided,* the administrator or executor of such estate may furnish evidence to the tax commissioner that the appraised value of the estate is not in excess of two thousand dollars and a portion of the same passes by will or pursuant to the provisions of the statutes relating to the distribution of intestate estates, to the widow or minor children, as provided in section 1189.

General Statutes, § 1192. Any executor, administrator or representative of such an estate aggrieved by the action of the tax commissioner in determining such tax, if unable to agree with the tax commissioner upon the amount of such tax as provided in section 1190, may, within ninety days from the time of the filing by the tax commissioner of such statement or corrected statement with the judge of probate, make application in the nature of an appeal therefrom to the Superior Court of the county in which such probate court is located which shall be accompanied by a citation to said tax commissioner to appear before such court. . . .

General Statutes, § 1189, as amended by Chapter 50 of the Public Acts of 1919. The executor of every will and the administrator of every estate, except as hereinafter provided, at the time of filing the inventory and appraisal of such estate with the Court of Probate, shall, in addition thereto, file an affidavit in duplicate setting forth the items included in such inventory on which a tax has been assessed by any town or city during the last completed taxing period, or paid to the State during the year next preceding the date of the death of the decedent, the assessed value of each item and the place of the assessment or payment of the tax on each item, and the judge of probate shall send to the tax commissioner, with the copy of each inventory required to be sent to said commissioner, a copy of such affidavit. . . .

The succession tax, by whatever name it is called, is a tax upon the privilege of receiving or transmitting property after death, and hence the tax is laid upon that portion of the estate which passes to the beneficiaries. Unless there be some beneficial succession, there is nothing to which a succession tax can be attached. *Hopkins' Appeal*, 77 Conn. 644, 651, 653, 60 Atl. 657, 661.

The tax imposed by § 1190 of the General Statutes, is upon the gross value of that portion of the estate which has not paid a State or local tax in the year preceding the decedent's death.

Another distinguishing mark of the succession tax is the classification which all succession taxes make, and this is absent from this tax. These two characteristics make it clear that, whatever else this tax is, it is neither a succession tax nor in the nature of one. The succession tax is upon the transfer, not upon the individual nor upon property; and the public authorities and the members of the profession have never so regarded § 1190, but have uniformly treated it as a penalty in the nature of an estate tax. Section 1190 includes within its provisions both real and personal property. But the plaintiffs probably correctly diagnose the situation leading up to this statutory tax, when they say, in their brief, "it is a matter of common knowledge that the prime purpose and the chief effect of the statute is to obtain an exaction from personalty and especially from that kind of personalty known as choses in action."

Under this section, property which has not been subject to a town or city or State tax during the year preceding the death of the decedent, is liable to a tax of two per centum of its appraised inventory value for the five years next preceding the date of death of decedent, provided that a proportionate reduction of this tax may be had by proof that any part of the tax has been paid,

or that the decedent did not own any of this property during this period.

The pecuniary liability imposed by this Act is a penalty in the nature of a tax for an omission to list property for taxation. Punishment is the end of a penalty. "In the municipal law of England and America, the words 'penal' and 'penalty' have been used in various senses. Strictly and primarily, they denote punishment, whether corporal or pecuniary, imposed and enforced by the State, for a crime or offence against its laws. . . . The test whether a law is penal, in the strict and primary sense, is whether the wrong sought to be redressed is a wrong to the public, or a wrong to the individual." *Huntington* v. *Attrill,* 146 U. S. 657, 666–668, 13 Sup. Ct. 224. "The words 'penal' and 'penalty,' in their strict and primary sense, denote a punishment, whether corporal or pecuniary, imposed and enforced by the State for a crime or offense against its laws." *Plumb* v. *Griffin,* 74 Conn. 132, 134, 50 Atl. 1. The wrong sought to be redressed by this tax is a wrong which has been done the public treasury. The necessities of government give the State the right to tax property for such purposes and in such amounts as it may determine, subject only to such restrictions as may be imposed by the Constitution, and with the power to tax must go the power to enforce collection of the tax by all summary means not contrary to the Constitution, and one of those means is the right to impose penalties in order to compel payment and as a punishment for evasion or neglect of this duty owed the public. 2 Cooley on Taxation (3d Ed.) p. 899; *Myers* v. *Park,* 8 Heisk. (55 Tenn.) 550; *Western Union Tel. Co.* v. *Indiana,* 165 U. S. 304, 17 Sup. Ct. 345; *Ex parte Lynch,* 16 S. Car. 32; 37 Cyc. 1542. The amount of the penalty is within the legislative discretion. Penalties have been sustained up to fifty per cent. *Western Union Tel. Co.* v.

*Indiana,* 165 U. S. 304, 17 Sup. Ct. 345; *Ex parte Lynch,* 16 S. Car. 32; *Scott* v. *Watkins,* 22 Ark. 556; *Lacey* v. *Davis,* 4 Mich. 140, 157; 2 Cooley on Taxation (3d Ed.) p. 899, and cases cited in notes.

This tax may or it may not represent what the decedent would have been required to pay had he paid the State or local tax. The entire five years tax may be compelled, when in fact nothing over one year is due, if the representative of the decedent cannot prove the fact. The State presumes it is unpaid for the five-year period and requires the executor or administrator to disprove this. This is not the compulsory payment of a defined tax, but is the infliction of a punishment for a violation of a public duty. The authors of this statute intended it as and for a penalty tax, and such we esteem it to be. The right of the State to the transfer tax, or to the penalty in the nature of an estate tax, vests at the death of the decedent. As a penalty tax it is open to every constitutional objection which can be urged against property taxes. So far we find our views run in harmony with the plaintiffs' argument; from this point on we find our conception of the case completely divergent from the rest of their argument, the points of which we take up in our own order.

*First.* Section 1190 is not void as an *ex post facto* law. "An Act *ex post facto* relates to crimes." *Bridgeport* v. *Hubbell,* 5 Conn. 237, 240. "At an early day it was settled by authoritative decision, in opposition to what might seem the more natural and obvious meaning of the term *ex post facto,* that in their scope and purpose these provisions were confined to laws respecting criminal punishments, and had no relation whatever to retrospective legislation of any other description. And it has, therefore, been repeatedly held that retrospective laws, when not of a criminal nature, do not come in conflict with the National Constitution, unless obnoxious to

its provisions on other grounds than their retrospective character." Cooley's Constituional Limitations (7th Ed.) 373.

*Second.* Section 1190 does not impose an excessive fine in violation of § 13 of Article First of the Constitution of Connecticut. The term "penalty" in its broadest sense includes all punishment of whatever kind. 13 Amer. & Eng. Ency. of Law, p. 53. A fine is always a penalty, but a penalty may not always be a fine. *United States* v. *Nash,* 111 Fed. Rep. 525. A fine is a "pecuniary punishment imposed by a lawful tribunal upon a person convicted of crime or misdemeanor." 2 Bouvier Law Dictionary (3d Rev.) 1225; *Southern Express Co.* v. *Commonwealth ex rel. Walker,* 92 Va. 59, 63, 22 S. E. 809; *Lancaster* v. *Richardson,* 4 Lans. (N. Y.) 136, 140. The offense here punished is neither a crime nor a misdemeanor, and the constitutional provision invoked has no possible relation to it.

*Third.* The third ground upon which the constitutionality of this statute is attacked, is that it is in conflict with the Fourteenth Amendment to the Constitution of the United States, in that it deprives the creditors and distributees of this estate of their property without due process of law, (a) by exacting a penalty from them for the failure of the decedent to list his property for taxation, and (b) by creating against them a presumption of guilt for such omission. Both claims rest upon the unfounded premise that the property of this estate, upon the decease of the owner, passed to the distributees subject to the payment of the just debts of the estate.

(*a*) The right to dispose of one's property by will, and the right to have it disposed of by the law after decease, is created by statute, and therefore the State may impose such conditions upon the exercise of this right as it may determine. *Stone's Appeal,* 74 Conn. 301, 302, 50 Atl. 734; *Hatheway* v. *Smith,* 79 Conn. 506, 65 Atl. 1058.

In *Cornwall* v. *Todd*, 38 Conn. 443, the question to determine was where the property, under the statute was to be taxed. We said, on page 446: "Who, for the purpose of taxation, is to be regarded as the owner of this property? We think we may with propriety say that it belongs to the estate. It does not belong to the executor, except in a limited sense, as we have already seen. It does not belong to the heir before distribution; and ordinarily the legatee has no claim until the debts are paid." Inheritance taxes upon the right of the decedent to give, or of the beneficiary to receive, are conditions which the State may impose upon such right. So the State may penalize the estate for the omission of the decedent to comply with statutes imposing taxes. It may require all such omitted taxes to be paid as a condition of the right of devolution; and it may penalize an estate for the omission of the decedent to pay his taxes. This is not the punishment of the creditors and heirs and legatees for the offense of the decedent; for they have only a beneficial interest in the estate which is always subject to the payment of its debts and obligations. And one of these obligations, first in order of fulfillment, is that owed to the State in the fulfillment of the duty of the decedent to pay the taxes assessed against him, and also in the payment of such penalties as may be imposed in the nature of a tax upon the estate for the failure of the decedent to fulfil these obligations.

General Statutes, § 5007, furnishes an order for the payment of claims: (1) funeral expenses; (2) expenses of last sickness; and (3) taxes due the State and the United States. Penalties of this character fall within class three and should be paid in that order.

The tax levied, of two per centum per annum on the appraised inventory value of the taxable property of the estate upon which no town or city tax has been assessed,

or upon which no tax has been paid to the State during the year preceding the date of death of the decedent, is exactly the same as if a straight ten per cent penalty had been paid. The proviso, that this penalty may be reduced proportionately by proof that for any portion of this period such tax has been paid, or that such property was not in the ownership of the decedent, is a consideration shown, or an exception made, in behalf of the estate, and indicates that the main purpose of the penalty is to secure the payment of the taxes which the decedent did not pay. But this does not change the character of the penalty. If the representative of the decedent cannot make such proof, the estate must pay the full penalty. Neither the heirs, legatees, or creditors pay the penalty, but the estate; hence it is not an exaction laid upon persons innocent of the failure to pay this tax, and does not deprive them of their property, for they never owned the part so paid any more than they could be said to own the part which went to pay accrued taxes. The plaintiffs say this penalty is confiscation of property, but we see in it nothing more than a reasonable regulation to secure the payment of the public taxes.

The civil action for the recovery of a penalty incurred by a decedent may, by statutory sanction, survive. In effect, this statute is a penalty tax imposed upon the estate because of the delinquency of the decedent, and no less permissible than the penalty tax against the decedent, kept alive by statutory sanction.

(*b*) Section 1190 does not create a presumption of guilt for the omission of not listing or paying the tax for the five-year period. It imposes a penalty based upon a tax rate for the five-year period, and it gives the representatives of the estate the privilege of reducing this by proof of the amount of the tax paid, or that the decedent did not own the property for any of this period. The extent of the penalty was, within reasonable limits,

within the legislative discretion. If the proof be difficult for the representatives to make, it is better so than not to have the privilege of making it at all. Had the penalty for the failure to list or pay the tax during the year preceding the date of the death of the decedent been made a flat ten per cent, no question could be successfully made as to the validity of the penalty.

This statute cannot be pronounced so purely arbitrary as to be prohibited by the Fourteenth Amendment. The Fourteenth Amendment does not prohibit legislation special in character; *Magoun* v. *Illinois Trust & Savings Bank*, 170 U. S. 283, 294, 18 Sup. Ct. 594; it does not prohibit a State from carrying out a policy that cannot be pronounced purely arbitrary, by taxation or penal law. *Orient Ins. Co.* v. *Daggs*, 172 U. S. 557, 562, 19 Sup. Ct. 281; *Quong Wing* v. *Kirkendall*, 223 U. S. 59, 62, 32 Sup. Ct. 192.

The statute is not attacked as unconstitutional because of its classification. Nor could it be. "A legislature is not bound to impose the same rate of tax upon one class of property that it does upon another." *Michigan Central R. Co.* v. *Powers*, 201 U. S. 245, 293, 302, 26 Sup. Ct. 459. A classification, for purposes of the penalty tax, of property of an estate which has not borne its share of the general taxes, as distinguished from other property which has borne its share of such taxes, is not such an arbitrary selection as to be unconstitutional.

The appeal from the determination of the tax commissioner to the Superior Court, given by General Statutes, § 1192, afforded these plaintiffs that due process of law guaranteed by the Constitution. "It has frequently been held by this court, when asked to review tax proceedings in State courts, that due process of law is afforded litigants if they have an opportunity to question the validity or the amount of an assessment or charge before the amount is determined, or at any subsequent

proceedings to enforce its collection, or at any time before final judgment is entered." *Gallup* v. *Schmidt*, 183 U. S. 300, 307, 22 Sup. Ct. 162.

We have considered and passed upon each of the points discussed in the plaintiffs' brief except their consideration of the case of *Matter* of *Watson* (1919), 226 N. Y. 384, 123 N. E. 758 (*Watson* v. *State Comptroller*, 254 U. S. 122, 41 Sup. Ct. 43). We agree with them that that case is not applicable to this case, since the tax there in controversy was an inheritance tax, while the tax before us is a penalty in the nature of a tax upon the estate. The learned justice who wrote the opinion in the New York case inadvertently places our estate tax in the same class with the New York and Louisiana transfer taxes, while we construe § 1190 of the General Statutes as providing for a penalty.

The Superior Court is advised to sustain the demurrer and to dismiss the application.

No costs to be taxed in this court.

In this opinion the other judges concurred.