Helen B. Achelis and Frank D. Hendrickson as Executors of the Estate of Frederic G. Achelis, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 52297. Promulgated May 31, 1933.

*George L. Shearer, Esq.*, for the petitioner.
*H. D. Thomas, Esq.*, for the respondent.

#### OPINION.

Leech: Petitioners appeal from a deficiency of $757.43 determined by respondent for the calendar year 1928. The facts in this proceeding were stipulated by the parties as follows:

1. Frederic G. Achelis died a resident of the State of Connecticut on September 18, 1926.

2. Helen B. Achelis and Frank D. Hendrickson, the petitioners herein, were duly appointed executors of the estate of Frederic G. Achelis and duly qualified as such.

3. There is attached hereto and marked " Exhibit A ", a letter received by the estate on April 14, 1927. Pursuant to the demand

contained in the letter the petitioners on April 25, 1928, paid the amount of $4,793.34 shown thereon together with interest in the amount of $262.43. The figures shown in the letter under the column headed " number of years taxable " represent the number of years decedent held the designated property immediately prior to his death without paying tax thereon or (if he held the property for a greater number of years than shown) such figures represent the number of years immediately preceding his death for which he had paid no tax.

4. In arriving at the net income taxable to the estate for 1928 there was deducted on the return $5,055.77 representing the sum of the above items paid to the State of Connecticut as aforesaid.

5. In determining taxable net income of the estate for 1928 the Commissioner disallowed as a deduction the sum of $5,055.77.

EXHIBIT A

STATE OF CONNECTICUT,
OFFICE OF THE TAX COMMISSIONER,
TAX ON UNTAXED PROPERTY.

ESTATE OF FREDERIC G. ACHELIS,
Late of Greenwich, Ct.  Date of Death: September 18, 1926.
Administrator: Helen B. Achelis
Executor: % Frederick C. Taylor, Atty.
Address: Stamford, Connecticut.

| PROPERTY | Taxable value | Exemption | Net taxable at 2% per annum | Number years taxable | Amount of tax |
|---|---|---|---|---|---|
| Bonds: | | | | | |
| 5000 City of Detroit Genl. Pub. Impr | | | 5000.00 | 1 | 100.00 |
| 1666.66 Balt. & Ohio Co | | | 1518.74 | 3 | 91.12 |
| 1666.66 Ill. Cent. R.R | | | 1372.91 | 3 | 82.37 |
| 533.33 N. Y. Cent. R.R | | | 473.33 | 3 | 28.40 |
| 3333.33 N. Y. Chic. & St. Louis R.R | | | 3150.00 | 3 | 189.00 |
| 3266.66 U. S. of Mexico | | | 931.00 | 3 | 55.86 |
| 1666.66 Natl. R.R. Co. of Mexico | | | 268.75 | 3 | 16.13 |
| 3333.33 Natl. Rys. of Mexico | | | 966.67 | 3 | 58.00 |
| 75.00 Natl. Rys. of Mexico | | | 17.25 | 3 | 1.04 |
| 2000.00 Wheeling & Lake Erie R.R | | | 1997.50 | 3 | 119.85 |
| 33.33 U. S. of Mexico | | | 7.66 | 3 | .46 |
| Funding British Loan | | | 62718.52 | 3 | 3763.11 |
| Note C. Brette Glaenzer | | | 1500.00 | 5 | 150.00 |
| " Frank D. Hendrickson | | | 3000.00 | 1 | 60.00 |
| Jewelry | 805 | 25 | 780.00 | 5 | 78.00 |
| Total tax | | | | | 4,793.34 |

PLEASE REMIT AMOUNT OF THIS TAX TO THE STATE TREASURER.

This tax upon the untaxed property of this estate is not the succession or inheritance tax but is in addition thereto. In the absence of an extension of time within which to pay, the tax is due within twelve months of the date of death of the decedent. The amount of tax ascertained to be due is subject to interest at the rate of 9 per centum per annum from the time when such shall become payable until the same shall be paid. Before your final

account can be accepted the State Treasurer's receipt for this tax must be filed with the court.

I find the amount of the tax on untaxed property due from this estate to the State of Connecticut, under Sections 1189 to 1195 G.S., as amended amounts to Forty seven hundred ninety three and 34/100 Dollars ($4,793.34). Checks should be made payable to the Treasurer of this State.

s  William H. Blodgett,
*Tax Commissioner.*
By Farrell Knapp,
*First Asst. Tax Com.*

Hartford, Conn., *April 13, 1927.*

There is but one issue involved, this being whether the sum of $5,055.77 paid by petitioners to the State of Connecticut represented a penalty or a tax. If a tax, the item is deductible under section 23 of the Revenue Act of 1928. If, however, the payment represents a penalty for nonpayment of taxes, it is not deductible. *Burrows Building Material Co.* v. *Commissioner*, 47 Fed. (2d) 178; *Chicago, Rock Island & Pacific Ry. Co.* v. *Commissioner*, 47 Fed. (2d) 990; *Great Northern Ry. Co.* v. *Commissioner*, 40 Fed. (2d) 372; *Kansas City Southern Ry. Co.*, 22 B.T.A. 949. The payment in question was exacted under section 1190 of the Connecticut General Statutes which provides:

All taxable property of any estate upon which no town or city tax has been assessed as provided in section 1189 or upon which no tax has been paid to the state during the year preceding the date of the death of the decedent, shall be liable to a tax of two per centum per annum on the appraised inventory value of such property for the five years next preceding the date of the death of such decedent, provided, the executor or administrator of any estate may, by furnishing evidence to the satisfaction of the tax commissioner that a state, town or city tax has been paid on any of such property for a portion of said five years or that the ownership of such property has not been in the decedent for a portion of said period, obtain a proportionate deduction from the tax hereby imposed, and provided, the administrator or executor of such estate may furnish evidence to the tax commissioner that the appraised value of the estate is not in excess of two thousand dollars and a portion of the same passes by will or pursuant to the provisions of the statutes relating to the distribution of intestate estates, to the widow or minor children, as provided in section 1189.

We think the question is controlled by *Bankers Trust Co. et al., Executors*, 96 Conn. 361; 114 Atl. 104, which decision of the Supreme Court of Errors of Connecticut was affirmed by the Supreme Court of the United States, 260 U.S. 647. The Supreme Court of Errors of Connecticut, in its opinion, said:

This tax may or it may not represent what the decedent would have been required to pay had he paid the state or local tax. The entire five years' tax may be compelled when in fact nothing over one year is due, but the representative of the decedent cannot prove the fact. The state presumes it is unpaid for the five-year period and requires the executor or administrator

to disprove this. This is not the compulsory payment of a defined tax, but is the infliction of a punishment for a violation of a public duty. The authors of his statute intended it as and for a penalty tax, and such we esteem it to be. The right of the state vests at the death of the decedent to the transfer tax or the penalty in the nature of an estate tax.

The Supreme Court of the United States, in its opinion affirming the decision of the Connecticut court, said:

The payment of taxes is an obvious and insistent duty, and its sanction is usually punitive. The Connecticut statute is not, therefore, in its penal effects, unique, nor are they out of relation or proportion to a decedent's delinquency.

The Court of Errors recognized that the tax of the statute "may not represent what the decedent would have been required to pay had" she "paid the state or local tax." And, as we have seen, the tax may be upon the appraised inventory value for the five years next preceding the death of the decedent with a proportionate deduction if a tax has been paid on any of the property for a portion of the five years, or if the ownership of the property has not been in the decedent for a portion of that period. The provision, however, is but a way of fixing a penalty for the delinquency, which it is competent for the State to do. We said in *Western Union Telegraph Co.* v. *Indiana*, 165 U.S. 304, 310, that the amount of a penalty is a matter for the legislature of a State to determine in its discretion. * * *

In the case before us the payment made represents a charge of 2 percent per annum upon the value of certain securities of the estate only for the years preceding decedent's death in which he had actually held the property and paid no tax thereon. We are not advised as to the amount of the unpaid taxes on this property and cannot determine to what extent the amount received exceeds such taxes, but in any event it is not measured by the sum of the unpaid taxes and is imposed only upon failure of decedent to report the property for assessment and pay the tax thereon. We think the payment represents a penalty rather than a tax. These petitioners as executors received the estate subject to this liability in the nature of a penalty. It represents a proper deduction in arriving at the net estate subject to estate tax, but not a deduction as taxes paid in determining the net taxable income of the estate for the year 1928.

*Judgment will be entered for the respondent.*