JANE S. ELSBERG, EXECUTRIX (ESTATE OF CHARLES A. ELSBERG) v. WILLIAM F. CONNELLY, TAX COMMISSIONER

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 78693

Memorandum filed July 19, 1949.

*Maguire, Walker & Middleton,* of Stamford, for the Plaintiff.

*Louis Weinstein,* of New Haven, for the Defendant.

ALCORN, J. This is an appeal from an assessment of an estate penalty tax. General Statutes § 2083. The issue is the effect to be accorded a receipt given by the tax commissioner for the payment of a tax under § 1746, in the light of a statutory change in a local assessment date. The pertinent facts are not in dispute.

The deceased had his domicil and residence in Stamford, Connecticut, from October 1, 1942, until his death on March 18, 1948. Until 1946 the local taxing period in Stamford was

from October 1 in each year to the following May 31. By act of the 1945 General Assembly the local taxing period was changed so that, beginning in the year 1946, it began on September 1 and ended the following April 30.

On September 30 in the years 1943 and 1944, September 29, 1945, and October 15, 1946, the deceased paid a tax to the state on a list of taxable "bonds, notes and choses in action" varying in total value from year to year from a minimum of $356,351.63 to a maximum of $450,500. Included in each list were four mortgages upon New York real estate of a total face value of $64,351.63. On September 30, 1947, he filed a list and paid a tax upon items which did not include the mortgages.

From October 1, 1942, until his death, the decedent did not declare the mortgages for local taxation in Stamford and did not pay a local tax on them. After his death the mortgages were listed in an inventory of his estate at a total appraised value of $60,167.50, and the tax commissioner assessed a penalty tax of 2 per cent per year on that appraised value for a period of two years. The executrix' affidavit concerning payment of taxes recites "no tax paid on mortgages since 1946."

The basis of the assessment is that the mortgage notes were taxable because not secured by Connecticut real estate; General Statutes §§ 1776, 1745; no tax was paid to the state within one year prior to death and the property was not assessed locally in the last completed taxing period prior to death (1946), thereby subjecting the property to a penalty tax for the five years prior to death. § 2083. The assessment is laid on the years 1942 and 1946, giving the deceased credit for the timely payments of the tax to the state in 1943, 1944, and 1945.

When the deceased paid the tax to the state on September 29, 1945, he received a receipt from the tax commissioner as follows:

"By the Payment of $1437.49 the receipt of which is hereby acknowledged, securities to the amount of $359,371.40 hereon listed, are exempted from all taxation in the State of Connecticut, for one year from date.

Sep 29 1945
WALTER W. WALSH
By Nina B. Perry"

The appellant claims that the legal effect of this receipt was to exempt the decedent from the payment of taxes on the property in question, which included the mortgages, until September 29,

1946; that consequently he had no responsibility to return the mortgages for assessment locally when the General Assembly changed the assessment date to September 1, 1946; and finally, that since the tax has been declared to be a penalty for an omission to list property for local taxation (*Bankers Trust Co.* v. *Blodgett,* 96 Conn. 361, 366) there is no omission in this case to be penalized.

The question becomes one as to whether the words "for one year from date" in the tax commissioner's receipt can mean a calendar year or must mean a taxing year. The commissioner's authority to give a receipt, and its effect, is found in General Statutes, § 1746. After authorizing a taxpayer to pay a tax to the state for five years or "for a greater or less number of years," the commissioner is directed to "give a receipt for the tax thereon," describing the property and "certifying that the same is exempt from all taxation for the period of five years, or for such longer or shorter period for which a proportionate tax has been paid." Finally, the statute exempts the property so receipted for from taxation "during the period for which such tax is paid."

This decedent had taken the option available to him to pay the tax and obtain a receipt on an annual basis. The very evident object was to meet his tax obligation for the tax year which began October 1, 1945, just as he had done in previous years. The tax for which he got a receipt was a one-year tax. The only receipt which the statute authorized the commissioner to give was that for the period for which the tax was paid, and the property became exempt from further tax only for that period.

The commissioner's receipt could have no effect on the General Assembly's power to change the local assessment date, and to construe it as allowing exemption for the calendar year would give it that effect because, by the appellant's construction, the change in assessment date operated to exempt the property under the receipt for the tax year beginning on October 1, 1945, and that beginning on September 1, 1946, as well. The argument becomes doubly specious since the next return filed by the decedent (October 15, 1946) was late even under the old assessment date.

Judgment may enter sustaining the assessment and dismissing the appeal.