AL S. REINHARDT AND MIRIAM REINHARDT, PETITIONERS V.
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3837–77.     Filed October 8, 1980.

Al S. Reinhardt, pro se.
*Arthur A. Oshiro*, for the respondent.

GOFFE, *Judge*: The Commissioner determined a deficiency of
$2,963.90 in the Federal income tax of petitioners for the taxable
year 1973. After concessions,[1] the only issue for our decision is
whether petitioners may deduct any portion of a $8,462.27
payment made in 1973 either as taxes or as interest.

### FINDINGS OF FACT

Some of the facts have been stipulated. The stipulation of
facts and exhibits attached thereto are incorporated herein by
this reference.

Petitioners Al S. Reinhardt and Miriam Reinhardt, husband
and wife, timely filed a joint Federal income tax return for their
taxable year 1973. At all times relevant to this controversy,
petitioners resided in Whittier, Calif.

On December 30, 1971, petitioners purchased the Woodman
Apartments (hereinafter the property), an improved piece of
real estate located in Los Angeles, Calif., at a foreclosure sale.
At the time of that purchase, unbeknown to petitioners, the

---

[1]Respondent conceded in his brief that a previously disallowed $3,385.87 payment made by
petitioners in 1973 was deductible as taxes paid on petitioners' Federal income tax return for
the taxable year 1973.

property was subject to a lien for delinquent real property taxes due to the County of Los Angeles which had not been timely paid by the previous owners of the property. Those taxes were all due and payable prior to December 30, 1971.

In 1973, petitioners sought to refinance the property and discovered the outstanding tax lien. To extinguish such lien and thereby clear title, petitioners, on December 31, 1973, redeemed the property by paying $8,462.27, which payment was composed of the following items and amounts:

| Items | Amount |
|---|---|
| Taxes for years 1970–71 | $6,218.59 |
| Delinquency penalty | 373.11 |
| Cost | 3.00 |
| Redemption penalty | 1,865.57 |
| Redemption fee | 2.00 |
| | 8,462.27 |

In California, the real property tax year is the same as the State's fiscal year which begins on the first of July.[2] The lien for a fiscal year's property tax attaches on the first day of March immediately preceding the beginning of the relevant fiscal year.[3] During the ensuing months, the property is assessed,[4] and on or before September 1, the county board of supervisors fixes the rate of tax and levies the tax.[5] The taxes are payable in two installments, the first being due on November 1, and the second being due on February 1 of the fiscal year.[6] An unpaid first installment is delinquent on December 10,[7] and an unpaid second installment is delinquent on April 10.[8] A "delinquent penalty" equal to 6 percent of the delinquent taxes[9] is added to each

[2] Cal. Const. art. 20, sec. 5.
[3] Cal. Rev. & Tax. Code (hereinafter Cal. Code) sec. 2192.
[4] Cal. Code sec. 405.
[5] Cal. Code sec. 2151.
[6] Cal. Code secs. 2605, 2606.
[7] Cal. Code secs. 2617, 2704.
[8] Cal. Code secs. 2618, 2705.
[9] Cal. Code secs. 2704, 2705.

delinquent installment, along with a $3 charge for costs of certifying the delinquency.[10]

On or before June 30 of the fiscal year, the tax collector, upon giving the required notice, must sell the property to the State.[11] The amount due, which consists of the taxes, delinquency penalty, and costs, may be paid at any time prior to the sale, and such payment will remove the lien and thwart the sale.[12] If payment is not made, then on or before June 30, the property will by operation of law and declaration of the tax collector be sold to the State.[13] If no one satisfies the tax claims against the property during the 5 years following this sale, the property may be deeded to the State.[14] During that 5 years, the owner (disregarding the sale by operation of law to the State) may redeem the property by paying the above-listed items (taxes, delinquent penalties, and costs), a redemption fee of $2, and the applicable redemption penalty.[15] The redemption penalty is calculated by multiplying 1 percent of the overdue taxes by the number of months after the "sale," beginning with July of the year of sale to the State.[16] Property not timely redeemed and, therefore, deeded to the State, may be sold at public auction, and upon such sale the right of redemption is extinguished.[17]

Thus, in the instant case, a lien for real estate taxes on the property for fiscal year July 1, 1970, to June 30, 1971, attached on March 1, 1970. The taxes became delinquent in early 1971, at which time the delinquency penalty and costs were added to the amount needed to remove the lien from the property. On or before June 30, 1971, the property, by operation of law, was sold to the State of California, subject to a right of redemption in the property owner. The redemption penalty of 1 percent per month began accruing on July 1, 1971, and that penalty, along with a

---

[10]Cal. Code sec. 2621.
[11]Cal. Code secs. 3351, 3436.
[12]Cal. Code secs. 3436, 3437.
[13]Cal. Code sec. 3436.
[14]Cal. Code secs. 3361, 3362.
[15]Cal. Code secs. 4101, 4102.
[16]Cal. Code sec. 4103.
[17]Cal. Code secs. 3706, 3707.

redemption fee and the aforementioned three items, became a part of the petitioners' cost of redeeming the property on December 31, 1973.

Petitioners deducted the entire $8,462.27 payment on their 1973 Federal income tax return as taxes attributable to property held for rental purposes. The Commissioner disallowed the entire amount and determined a deficiency based upon that disallowance.

OPINION

Petitioners deducted as real estate taxes an $8,462.27 payment made in 1973, which payment was made to redeem their property from the State. The redemption was necessitated by the existence of a tax lien on the property attributable to unpaid real estate taxes which accrued on the subject property prior to the time petitioners bought it. Respondent denies that such payment was for deductible real estate taxes and, therefore, determined a deficiency in petitioners' Federal income tax for their taxable year 1973.

Petitioners initially contend that the entire redemption payment is deductible as real estate taxes under section 164, I.R.C. 1954.[18] The short answer to that contention is that, in general, taxes are deductible only by the person upon whom they are imposed. Sec. 1.164–1(a), Income Tax Regs. Taxes are imposed when they become a lien on the property (*Crown Zellerbach Corp. v. Commissioner*, 43 B.T.A. 541 (1941), appeal dismissed without published opinion (9th Cir. 1942, 30 AFTR 1630, 42–2 USTC par. 9620)), and they are imposed on the owner of the property at that time. *California Sanitary Co. v. Commissioner*, 32 B.T.A. 122 (1935); *Crown Zellerbach Corp. v. Commissioner*, *supra*. The real estate taxes here in controversy became a lien on the property on March 1, 1970; therefore, since petitioners did not own the property at that time, the taxes were not imposed on them.[19] Payments made to discharge a preexisting lien on a

---

[18]All section references are to the Internal Revenue Code of 1954 as amended.

[19]Petitioners seek to invoke the reasoning, if not the rule, of sec. 164(d), which allows the deduction of taxes paid by a party who was not the owner when the taxes were imposed.

property are not deductible under section 164, but, rather, are part of the purchase price of the property and, as such, must be capitalized. *Magruder v. Supplee*, 316 U.S. 394 (1942).

Petitioners argue that the above reasoning runs contrary to the specific language of section 1012, which they paraphrase thusly: "Taxes cannot be added to the cost."

In reality, the relevant portion of section 1012 says, "The cost of real property shall not include any amount in respect of real property taxes which are treated under section 164(d) as imposed on the taxpayer." In light of our finding that these taxes were not imposed upon petitioners, section 1012 clearly provides them no relief.

Petitioners alternatively argue that the portion of the disputed redemption payment which is attributable to the penalties and costs is deductible as interest under section 163(a).[20] If part of such payment does represent interest, petitioners will be allowed to deduct such part regardless of whether the interest expense is or is not business related.

Interest is compensation for the use of money or for forbearance in demanding it when due. *Deputy v. du Pont*, 308 U.S. 488 (1940). Amounts paid for specific services, and not for the use of money, are not deductible as interest. *Enoch v. Commissioner*, 57 T.C. 781 (1972). In determining whether or not a payment is interest, we are not bound by a State's characterization of the payment. *United States v. Childs*, 266 U.S. 304 (1924).

The $3 cost of certifying the delinquency, as well as the $2 redemption fee, clearly do not meet the definition of interest. Both are fees for specific services, and neither represent compensation for the use of money or for forbearance in demanding it when due.

Likewise, the 6-percent delinquency penalty is not interest. When the required tax payment becomes delinquent, the penalty

---

However, such party, in order to avail himself of the benefits of that section, must become an owner of the property during the fiscal year for which the taxes were imposed. Petitioners do not fall within this narrow exception to the general rule.

[20]SEC. 163. INTEREST.

(a) GENERAL RULE.—There shall be allowed as a deduction all interest paid or accrued within the taxable year on indebtedness.

is assessed. No matter how long the tax remains unpaid, the redemption penalty remains a constant amount. California charged this penalty for delinquent taxes in order to encourage taxpayers to pay their taxes on time. *Weston Inv. Co. v. State*, 31 Cal. 2d 391, 189 P.2d 262 (1948). Penalties being nondeductible (*Achelis et al., Executors v. Commissioner*, 28 B.T.A. 244 (1933)), the portion of petitioners' payment attributable to the 6-percent delinquency penalty may not be deducted.[21]

That leaves for our consideration only the 1-percent-per-month redemption penalty. This charge, which accrued like interest over time, was, in effect, for the forbearance of the State. During the 5-year redemption period, California allowed petitioners to retain the amount needed to redeem the property without fear of losing their right of redemption. Regardless of the fact that California deems this item a "penalty," it has the characteristics of interest and we will treat it as such. Cf. *Meilink v. Unemployment Reserves Comm'n*, 314 U.S. 564 (1942); *United States v. Childs, supra*; Rev. Rul. 60–127, 1960–1 C.B. 84; Rev. Rul. 60–128, 1960–1 C.B. 85. Thus, the portion of the redemption payment attributable to the redemption penalty, $1,865.57, is deductible by petitioners in the taxable year in which it was paid, 1973.

We are sympathetic with petitioners' claim that they should not be denied a deduction for most of a payment they were forced to make because of a tax lien of which they were unaware when they bought the property. However, we must apply the law as we find it, and, in this case, the law mandates the above holdings.

*Decision will be entered under Rule 155.*

---

[21]*Hyde v. Commissioner*, 64 T.C. 300 (1975), allowed a taxpayer to deduct a flat 6-percent statutory redemption fee that resembles the delinquency penalty herein. However, such fee was payable to a private lender and was characterized as "consideration paid for an effective extension of the mortgage loan," thus rendering the facts in that case distinguishable from the case at bar.